# United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

No. 10-3421

_____

United States of America,

        Appellee,

v.

Kevin R. Hill,

        Appellant.

Appeal from the United States
District Court for the
Eastern District of Missouri.

_____

Submitted: April 15, 2011
Filed: May 3, 2011

_____

Before LOKEN and MURPHY, Circuit Judges, and JARVEY,[1] District Judge.

_____

JARVEY, District Judge.

Appellant Kevin Hill was convicted of three counts of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1). On appeal, the appellant claims that the

_____

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa, sitting by designation.

district court[2] improperly denied his motion in limine that sought to exclude evidence of his prior drug distribution under Fed. R. Evid. 404(b), that it improperly determined his relevant offense conduct before imposing a 188 month sentence, and that it erred in not granting a variance from the advisory guideline sentencing range of 188 to 235 months. We affirm the appellant's conviction and sentence.

## I. BACKGROUND

The appellant was charged with three counts of distribution of cocaine base (crack cocaine). The indictment alleged that the appellant had distributed a total of 7.8 grams of crack cocaine to a confidential informant on three separate occasions.[3] However, he later confessed to distributing an additional 198 ounces of cocaine, and the use of his confession is the primary subject of this appeal.

At trial, the government offered the confession pursuant to Rule 404(b) for the purpose of proving the appellant's knowledge of cocaine or intent to distribute it. FBI Agent Larry Bruns testified that, at a post-arrest interview, the appellant admitted to distributing 198 ounces (5,613 grams) of cocaine[4] between October of 2007 and September of 2008. The court denied the appellant's motion in limine to exclude Agent Bruns' testimony. The court gave a limiting instruction at the time the evidence

---

[2]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

[3]The indictment charged the appellant with distributing a mixture or substance containing cocaine base on August 1, 2008, August 8, 2008, and September 3, 2008.

[4]The appellant admitted to distributing mostly cocaine powder and crack cocaine. The crack cocaine that the appellant converted from the cocaine powder was included within the 198 ounces of cocaine powder he admitted distributing. We refer to the 198 ounces of cocaine powder as "cocaine."

was presented and again at the end of the trial.[5] The jury returned a verdict of guilty on all three counts.

The United States Probation Office prepared a Presentence Report ("PSR"). In addition to the 7.8 grams of crack cocaine for the charged offenses, the PSR included the distribution of the 198 ounces of cocaine as relevant conduct when determining the appellant's base offense level under the Sentencing Guidelines. This resulted in a base offense level of 32. With the appellant's criminal history category V[6], the Guidelines suggested a range of imprisonment between 188 and 235 months.

The district court found the appellant responsible for both the 7.8 grams of crack cocaine and the 198 ounces of cocaine. The appellant then objected to his criminal history category and requested a downward variance on the basis that it was overstated. The district court found that the appellant's criminal history was not overstated and sentenced the appellant to the bottom of the guidelines range on each count, 188 months' imprisonment, with all three counts to run concurrently. The court also imposed a $300 special assessment and a three year term of supervised release.

## II. DISCUSSION
### A.

The appellant first contends that the district court erred in admitting the testimony of Agent Burns pursuant to Rule 404(b). We review the admission of Rule 404(b) evidence for an abuse of discretion. United States v. Washington, 596 F.3d 926, 945 (8th Cir. 2010). Rule 404(b) prohibits the admission of other bad acts that

---

[5]The instruction closely followed Eighth Circuit Model Criminal Jury Instruction 2.08 (2009).

[6]The appellant had 11 criminal history points, which established a Criminal History Category V.

are offered to "prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). Such evidence is admissible "for certain limited purposes [when] it (1) is relevant to a material issue, (2) is similar in kind and close in time to the crime charged, (3) is proven by a preponderance of the evidence, and (4) does not have a prejudicial effect that substantially outweighs the probative value." United States v. Ali, 616 F.3d 745, 752–53 (8th Cir. 2010) (citing United States v. Turner, 583 F.3d 1062, 1065–66 (8th Cir. 2009), cert. denied, 130 S. Ct. 1928 (2010)) (alteration added).

The appellant argues that the admission of his alleged prior drug dealing was more prejudicial than probative because it was not sufficiently connected to the charged offenses. The appellant also asserts that the Rule 404(b) evidence was unnecessarily confusing to the jurors because it pertained to sales of cocaine made to different individuals and there was no corroboration of Agent Bruns' testimony.

The government argues that the Rule 404(b) evidence was properly admitted. It contends that the evidence was probative on the issues of knowledge and intent, the evidence was close in time and similar in kind to the crimes charged, and that any prejudicial impact was mitigated by the court's limiting instruction given to the jury on two occasions.

The district court did not abuse its discretion in agreeing with the government. The appellant put his knowledge and intent at issue by pleading not guilty and requiring the government to prove his guilt beyond a reasonable doubt. United States v. Walker, 470 F.3d 1271, 1274 (8th Cir. 2006). The prior bad acts of distribution of cocaine were thus admissible because the appellant's knowledge of or intent to distribute drugs are material issues in cases involving distribution of narcotics. United States v. Thomas, 593 F.3d 752, 757–58 (8th Cir. 2010) (citing United States v. Johnson, 934 F.2d 936, 939 n.5 (8th Cir. 1991)); see also United States v. Samuels, 611 F.3d 914, 918 (8th Cir. 2010) (prior felony drug conviction of crack cocaine distribution admissible to show knowledge or intent). The prior acts were similar in

nature and occurred close in time to the criminal acts charged here, there was sufficient evidence to support a jury finding that the appellant had committed the acts, and the court could find that its probative value outweighed any prejudicial effect. See United States v. Johnson, 934 F.2d 936, 940–41 (8th Cir. 1991). Moreover, the court's limiting instruction "clarifying that the evidence was admitted only for the purpose of showing knowledge and intent[,] minimized any prejudicial effect [allowing the testimony] may have had." United States v. Turner, 583 F.3d 1062, 1066 (8th Cir. 2009) (citations omitted) (alterations added). The district court correctly weighed all the relevant factors in considering whether to admit the 404(b) evidence. As a result, we find that admitting the Rule 404(b) evidence was not an abuse of discretion.

**B.**

The appellant next contends that the district court erred in calculating the appellant's base offense level under the Sentencing Guidelines by including as relevant conduct the 198 ounces of cocaine from the appellant's confession. The government must prove drug quantity by the preponderance of the evidence. United States v. Minnis, 489 F.3d 325, 329 (8th Cir. 2007) (citation omitted). We review drug quantity findings for clear error, and "'we must affirm unless the entire record firmly convinces us that a mistake has been made.'" United States v. Johnson, 619 F.3d 910, 921 (8th Cir. 2010) (quoting United States v. Houston, 338 F.3d 876, 878 (8th Cir. 2003)).

At sentencing, Agent Bruns testified that the appellant admitted to possessing and distributing approximately nine ounces of cocaine every two weeks for eleven months. Agent Bruns testified that the appellant was conservatively responsible for distributing 198 ounces of cocaine. The Sentencing Guidelines permit district courts to approximate drug quantities where "'there has been no direct seizure of drugs . . . to establish[] the relevant amount,'" United States v. Zimmer, 299 F.3d 710, 720 (8th Cir. 2002) (quoting United States v. Frazier, 280 F.3d 835, 851 (8th Cir. 2002)) (alterations added), and there is "'sufficient indicia of reliability to support its

probable accuracy.'" Id. (quoting United States v. Behler, 14 F.3d 1264, 1273 (8th Cir.), cert. denied, 513 U.S. 960 (1994)).

After reviewing the record, we are not left with the firm conviction that a mistake has been made. See Johnson, 619 F.3d at 921. We find that the district court did not clearly err in finding that the appellant was responsible for the 198 ounces of cocaine in addition to the charged offense conduct of 7.8 grams of crack cocaine.

## C.

Finally, the appellant contends that the district court erred in not granting a downward variance from the guideline range. He asserts that the ratio of crack cocaine to powder cocaine creates an unwarranted sentencing disparity within the meaning of 18 U.S.C. § 3553(a)(6).

We apply a deferential abuse of discretion standard in reviewing the imposition of a sentence. United States v. Replogle, 628 F.3d 1026, 1031 (8th Cir. 2011) (citing Gall v. United States, 552 U.S. 38, 41 (2007)). This Court must review a district court's sentence in two parts: first, for significant procedural error, and second, for substantive reasonableness. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). Absent procedural error, as here, this Court considers whether the sentence was substantively reasonable under an abuse of discretion standard. Id. at 461. In determining whether an abuse of discretion occurred, we look to see if "the sentencing court fail[ed] to consider a relevant factor, g[a]ve significant weight to an improper or irrelevant factor, or commit[ed] a clear error of judgment when weighing the appropriate factors." United States v. Bryant, 606 F.3d 912, 921 (8th Cir. 2010) (quoting United States v. Moore, 565 F.3d 435, 438 (8th Cir. 2009)). The district court was not obligated to grant a variance pursuant to Kimbrough v. United States, 552 U.S. 85 (2007). See United States v. Moore, 624 F.3d 875, 877 (8th Cir. 2010).

Here, the district court properly considered all the arguments, including the crack to powder cocaine ratio argument, and the 18 U.S.C. § 3553(a) factors and

sentenced the appellant to the bottom of the advisory range. A sentence within the guidelines range is presumptively reasonable. <u>See</u> <u>United States v. Vinson</u>, 631 F.3d 476, 487 (8th Cir. 2011) (citations omitted). The district court did not abuse its discretion in sentencing the appellant to 188 months in prison.

### III. CONCLUSION

The judgment of the district court is affirmed.

_____