# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

———————

No. 10-3587

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| Joseph Paul Young, | * | |
| | * | |
| Appellant. | * | |

———————

Submitted: May 13, 2011
Filed: July 14, 2011

———————

Before WOLLMAN, BYE, and SHEPHERD, Circuit Judges.

———————

WOLLMAN, Circuit Judge.

A jury found Joseph Paul Young guilty of three counts of bank robbery, in violation of 18 U.S.C. § 2113(a). The district court[1] sentenced him to 216 months' imprisonment and ordered that the first 36 months of the sentence run concurrently with an undischarged West Virginia sentence. Young appeals, arguing that the district court abused its discretion in admitting certain evidence, procedurally erred by ordering only 36 months to run concurrently to his West Virginia sentence, and imposed a sentence that was substantively unreasonable. We affirm.

———————

[1]The Honorable Roberto A. Lange, United States District Court Judge for the District of South Dakota.

## I.  Background

Young robbed three different banks in South Dakota between August 13 and September 26, 2007.  He wore a baseball hat, the same shirt, and gave similar verbal commands during the robberies.  The tellers from each bank identified Young and testified against him.  The government sought to admit photos and video surveillance evidence from two Minnesota bank robberies.  The district court overruled Young's objection and admitted the evidence, accompanied by a limiting instruction, which was later included with the final jury instructions.

During the sentencing hearing, the district court determined that Young qualified as a career criminal and increased his offense level pursuant to U.S. Sentencing Guidelines Manual (Guidelines) § 4B1.1.  After calculating an advisory Guidelines range of 210 to 262 months' imprisonment, the district court imposed a 216-month sentence, with 36 months to run concurrently to Young's prior 240-month undischarged West Virginia sentence for bank robbery.

## II.  Discussion

### A.  Minnesota Bank Robbery Evidence

Young asserts that the district court committed reversible error when it permitted the government to present evidence of the Minnesota bank robberies.[2]  We review the district court's admission of evidence for abuse of discretion.  See United

---

[2]In his opening brief, Young challenged the admission of evidence from three West Virginia bank robberies that he committed.  Young now concedes that he waived his right to appeal any error stemming from its admission.  See United States v. Booker, 576 F.3d 506, 511 (8th Cir. 2009) ("While forfeited claims are subject to appellate review under the plain error standard, waived claims are unreviewable on appeal.").

States v. Hill, 638 F.3d 589, 592 (8th Cir. 2011). Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Federal Rule of Evidence 404(b) prohibits the admission of evidence of other crimes, wrongs, or acts "to prove the character of a person in order to show action in conformity therewith." Such evidence is admissible for other limited purposes, however, such as proof of identity. Fed. R. Evid. 404(b).

"Preliminary questions concerning . . . the admissibility of evidence shall be determined by the court" and "[w]hen the relevancy of evidence depends upon the fulfillment of a condition of fact, the court shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition." Fed. R. Evid. 104; United States v. Almendares, 397 F.3d 653, 662 (8th Cir. 2005). When the district court admits evidence that is admissible for one purpose but not admissible for another purpose, "the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly." Fed. R. Evid. 105. Relevant evidence may be excluded if its "probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403.

Young's defense was that he was not the South Dakota bank robber, placing the identity of the robber at issue. The Minnesota bank robbery evidence was thus admissible under Rule 404(b) to prove Young's identity as the South Dakota bank robber. The Minnesota bank robbery evidence was conditionally relevant for that purpose if it was sufficient for a jury to find (1) that Young robbed the Minnesota banks, and (2) that the same person robbed the Minnesota and South Dakota banks.

The district court found that the Minnesota bank robbery evidence was sufficient to support such a finding. "If the conduct underlying the prior act and the current charged offense involved a unique set of 'signature facts,' then evidence of the prior act is admissible to show that the same person committed both crimes."

Almendares, 397 F.3d at 662. "Two factors relevant to this determination are the distinctiveness of the facts that make the crimes unique and the distance between the crimes in space and time." Id. The district court found that "there certainly [was] a signature feature or signature element given that the [robber's] shirt [was] the same and at least in some of these bank robberies the hat [was] the same." Additionally, the Minnesota robberies occurred after the second South Dakota robbery and preceded the third South Dakota robbery. The district court stated that it "almost approache[d] beyond a reasonable doubt that the person who robbed the two Minnesota banks appear[ed] to be the same person who robbed the three South Dakota banks."

In overruling Young's objection to the admission of evidence regarding the Minnesota bank robberies, the district court noted that "the words spoken are similar among all five bank robberies." Young contends that the government's failure to introduce evidence at trial regarding the words used during the Minnesota bank robberies undercut part of the rationale relied upon by the district court to admit the Minnesota robberies evidence. Thus, Young argues, because the evidence that was admitted did not support the government's own theory of admissibility, the district court abused its discretion in admitting the evidence. We do not agree, for although evidence regarding the words used during the Minnesota robberies would no doubt have enhanced the probative value of the Minnesota evidence, as well as the grounds for its admission, the evidence that was admitted was by itself sufficient for both purposes.

Young contends that because the identity of the bank robber in the Minnesota evidence was unknown, the prejudicial effect of the evidence outweighed its probative value. The district court determined that the potential prejudicial effect of admitting the evidence did not substantially outweigh its probative value and that any prejudice could "be cured through a limiting instruction," which it gave both before the evidence was presented and again with the final jury instructions. See Fed. R.

Evid. 105; <u>United States v. Littlewind</u>, 595 F.3d 876, 881 (8th Cir. 2010) ("[T]he risk [of unfair prejudice] was adequately reduced by two cautionary instructions from the district court—one when the prior crimes evidence was first admitted and another within the final jury instructions. Such limiting instructions minimize the danger of unfair prejudice."). The instruction provided that the evidence was being presented for the "limited purpose to help [the jury] decide identity." It went on: "To use this evidence on identity, you must find by the greater weight of the evidence that [Young] committed one or both of the Minnesota robberies. If you do not so find by the greater weight of the evidence, then you must disregard such evidence in its entirety." We conclude that the district court did not abuse its discretion in admitting the evidence for the limited purpose set forth in its instruction.

## B. Significant Procedural Error

Young concedes that the district court correctly calculated the advisory sentencing range, but he argues that the district court procedurally erred when it failed to recognize a preference in the Guidelines for concurrent sentencing and failed to adequately explain its reasons for imposing a mostly consecutive sentence. We review the imposition of sentences by applying an abuse-of-discretion standard. <u>United States v. Feemster</u>, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). We first ensure that the district court did not commit a significant procedural error. <u>Id.</u>

The district court properly rejected Young's assertion that there is a preference for sentences to run concurrently to undischarged sentences in the Guidelines. Young argues that § 5G1.3(b) "indicates a clear policy preference toward consideration of concurrent or partially concurrent sentences when certain crimes are inextricably intertwined." Appellant's Br. 18. Section 5G1.3(b) instructs the district court to give credit "for time served and that sentences should run concurrently when a defendant is subject to a prior, undischarged sentence." <u>United States v. Becker</u>, 636 F.3d 402, 407 (8th Cir. 2011). However, it applies only "where a defendant is subject to an

undischarged term of imprisonment for another offense that is 'relevant conduct to the instant offense of conviction . . . and that was the basis for an increase in the offense level for the instant offense.'" Id. (quoting Guidelines § 5G1.3(b)). Young's West Virginia offense occurred almost one year after the South Dakota robberies and was not considered relevant conduct by the district court. Accordingly, § 5G1.3(b) does not apply to Young's undischarged West Virginia sentence. Instead, § 5G1.3(c) applies and instructs the district court to order the sentence "to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense."

Young asserts that the district court erred by failing to consider a relevant circumstance, i.e., whether the West Virginia and South Dakota bank robberies constituted the same course of conduct. See § 5G1.3(c), cmt. n.3(A)(v) ("Under subsection (c), . . . the court should consider the following: . . . (v) any other circumstances relevant to the determination of an appropriate sentence for the instant offense."). The district court, however, did consider Young's argument that the six robberies were part of the same course of conduct and that the South Dakota sentence should have a 75% to 25% concurrent-to-consecutive ratio to the undischarged West Virginia sentence. The district court not only considered Young's argument, but characterized it as "creative" and then noted that the Guidelines do not provide a specific mathematical computation for determining what amount of a sentence to impose concurrently.

Young contends that the district court failed to consider the § 3553(a) factors in determining whether to impose a consecutive, partially concurrent, or concurrent sentence. Contrary to Young's assertion, the district court considered the length of his undischarged West Virginia sentence and each of the § 3553(a) factors. It specifically noted that prior convictions and prison sentences had not deterred Young and that he continued to deny responsibility for the South Dakota robberies. After determining that it could sentence Young to consecutive twenty-year sentences for

each count, the district court considered the undischarged West Virginia sentence and stated "[g]iven that he is already serving 20 years on another bank robbery case, the Court thinks the appropriate sentence here to be towards the bottom end of the guideline range of 216 months, which is equivalent of 18 years." The district court also ordered 36 months of the 216-month sentence to run concurrently to the undischarged West Virginia sentence.

## C. Substantive Error

In the absence of procedural error, we consider the substantive reasonableness of the sentence imposed under a deferential abuse-of-discretion standard, taking into account the totality of the circumstances. Feemster, 572 F.3d at 461. "If the defendant's sentence is within the Guidelines range, then we may, but are not required to, apply a presumption of reasonableness." Id. (internal quotation marks omitted). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." Id. (internal quotation marks omitted).

Young argues that the district court abused its discretion in sentencing him within the 210 to 262-month advisory guideline range. He contends that in light of his prior 240-month undischarged West Virginia sentence, a within-guidelines range sentence was substantively unreasonable and the sentence was greater than necessary, in violation of the parsimony principle of 18 U.S.C. § 3553(a). We disagree. As set forth above, the district court considered the undischarged West Virginia sentence when it imposed the sentence "towards the bottom end of the guideline range" and allowed 36 months of the sentence to run concurrently to the undischarged sentence. This is "not the rare case in which a within-the-range sentence can be found to transgress the parsimony principle" of § 3553(a). United States v. San-Miguel, 634

F.3d 471, 475 (8th Cir. 2011). Accordingly, we conclude that the district court did not abuse its discretion in imposing the sentence.

## III. Conclusion

The conviction and sentence are affirmed.

_____