# United States Court of Appeals

### For the Eighth Circuit

_____

No. 11-3216

_____

United States of America

*Plaintiff - Appellee*

v.

Joseph Paul Young

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: October 19, 2012
Filed: December 20, 2012

_____

Before MURPHY, BYE, and SHEPHERD, Circuit Judges.

_____

MURPHY, Circuit Judge.

Joseph Young was convicted of four counts of bank robbery in violation of 18 U.S.C. § 2113(a) and sentenced on each to concurrent 220 month terms. He appeals, arguing that the district court[1] erred by denying his motion to sever the charges, by

_____

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

admitting evidence of his prior convictions for bank robbery, by entering judgment on insufficient evidence, and by imposing a substantively unreasonable sentence. We affirm.

Young was indicted in 2009 for robbing four Minnesota banks. The indictment charged him with committing the robberies between September 2007 and April 2008, and taking approximately $14,000 from the banks "by force, violence and intimidation." Young moved to sever the four charges before trial, but the district court denied the motion after determining that the four charges were factually similar and that it was likely that evidence of each would be admissible in separate trials under Federal Rule of Evidence 404(b).

At trial the government presented surveillance photos from each of the four robberies. The evidence showed a white male, dressed in a plaid flannel shirt and a baseball cap, demanding money from the bank tellers. Shirts and hats found at Young's residence which matched the clothing worn by the bank robber in the surveillance photos were also admitted into evidence. Three tellers from two banks identified Young from a photographic lineup after his arrest; one of them also identified him in court.

The government submitted evidence under Rule 404(b) about Young's prior criminal record. This evidence included his three South Dakota bank robbery convictions from 2010 and his 2009 guilty plea in West Virginia to one count of bank robbery. Photos from these bank robberies showed Young dressed in plaid flannel shirts and baseball caps similar to the clothing worn by the individual in the surveillance photos at the four Minnesota banks. Young objected that this evidence was not materially relevant, too remote in time and place, and overly prejudicial, but it was admitted as proof of Young's identity and modus operandi. The district court gave limiting instructions, stating that the evidence could only be considered if the jury "unanimously [found] it is more likely true than not true."

The jury found Young guilty of all four Minnesota bank robberies. His presentence investigation report calculated his guideline range to be 210 to 262 months. The district court adopted that range and sentenced Young to 220 months on each of the four counts, to be served concurrently with one another and with 100 months of his sentences for the West Virginia and South Dakota robberies. The district court stated that its sentencing decisions were "sufficient to comply with the statutory objectives" since Young had committed numerous bank robberies and the four Minnesota robberies warranted "separate and distinct" penalties. Young appeals, challenging his convictions and sentences.

Young first argues that the district court erred by denying his motion to sever the Minnesota charges. A district court may order separate trials on individual counts in an indictment if it appears that a defendant would be prejudiced by joinder of the offenses. Fed. R. Crim. P. 14(a). Whether to sever a trial is a question left to the district court's discretion and we "will not reverse unless the defendant shows an abuse of discretion resulting in severe prejudice." United States v. Steele, 550 F.3d 693, 702 (8th Cir. 2008). Severe prejudice "occurs when a defendant is deprived of an appreciable chance for an acquittal, a chance that [the defendant] would have had in a severed trial." United States v. Taken Alive, Jr., 513 F.3d 899, 902 (8th Cir. 2008) (quoting United States v. Koskela, 86 F.3d 122, 126 (8th Cir. 1996)) (alteration in original). Young contends that the district court erred by refusing to sever the four bank robbery charges because there was nothing about the four counts that would lead a juror to conclude they were committed by the same person.

We conclude that the district court did not abuse its discretion by denying Young's motion for severance. The evidence suggested that the same person had committed the four Minnesota bank robberies since the robber in each had a similar appearance and demeanor. Each was committed by a man wearing a plaid flannel shirt and baseball cap who calmly demanded large bills from the bank tellers. Surveillance photos from each bank were also placed in evidence showing a man with

similar characteristics committing each robbery, and the government introduced shirts and hats obtained at Young's residence which matched the clothing in the photos. We conclude that Young was not severely prejudiced by the district court's refusal to sever the individual counts because evidence from each robbery would likely have been admissible even if the counts had been severed. See United States v. McQuiston, 998 F.2d 627, 629 (8th Cir. 1993).

Young argues that the district court erred by admitting evidence under Rule 404(b) of his previous bank robbery convictions in South Dakota and West Virginia. Evidence of a prior crime may be admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). If both a prior act and a currently charged offense involve "a unique set of 'signature facts,' then evidence of the prior act is admissible to show that the same person committed both crimes." United States v. Almendares, 397 F.3d 653, 662 (8th Cir. 2005) (citation omitted). We review a district court's admission of evidence of a prior act for abuse of discretion, reversing only if the evidence "clearly had no bearing on the case and was introduced solely to prove [Young]'s propensity to commit criminal acts." United States v. Thomas, 398 F.3d 1058, 1062 (8th Cir. 2005) (citations omitted).

We previously rejected Young's argument that the admission of similar Rule 404(b) evidence was an abuse of discretion in his appeal from his bank robbery convictions in South Dakota. See United States v. Young, 644 F.3d 757, 759–61 (8th Cir. 2011). In Young's federal trial for three counts of bank robbery in South Dakota, the district court allowed the government to introduce Rule 404(b) evidence of "photos and video surveillance . . . from two Minnesota bank robberies" for which Young had been indicted but not yet convicted. Id. at 759. The district court had given a limiting instruction that the evidence could only be used if the jury found "by the greater weight of the evidence that [Young] committed one or both of the Minnesota robberies." Id. at 761 (alteration in original). We affirmed, concluding

that evidence of the Minnesota robberies was conditionally relevant to prove Young's identity if "it was sufficient for a jury to find (1) that Young robbed the Minnesota banks, and (2) that the same person robbed the Minnesota and South Dakota banks." Id. at 760. Sufficient evidence supported such a finding because the robber in both the Minnesota and South Dakota bank robbers had a "signature feature" of wearing similar clothes during each crime. Id. It was "almost . . . beyond a reasonable doubt that the person who robbed the two Minnesota banks appear[ed] to be the same person who robbed the three South Dakota banks." Id. (alternation in original).

The government's Rule 404(b) evidence in this case similarly showed Young wearing a plaid flannel shirt and baseball cap when he robbed banks in South Dakota and West Virginia. The bank robber in each state wore the same type of shirt and baseball hat, thus displaying the same "signature feature" in committing the crimes. Young, 644 F.3d at 760. The district court properly gave a limiting instruction to the Minnesota jury that it was only to consider the Rule 404(b) evidence from the South Dakota and West Virginia crimes if it "unanimously [found] it is more likely true than not true." We conclude that the district court did not abuse its discretion in admitting evidence of Young's bank robberies in the other two states as proof of the Minnesota bank robber's identity and modus operandi.

Young next contends that there was insufficient evidence to support his convictions. We review the sufficiency of the evidence de novo, viewing evidence "in the light most favorable to the guilty verdict, granting all reasonable inferences that are supported by the evidence." United States v. Clark, 668 F.3d 568, 573 (8th Cir. 2012) (citation omitted). A verdict will be upheld if "there is an interpretation of the evidence that would allow a reasonable-minded jury to find the defendant guilty beyond a reasonable doubt." United States v. McCloud, 590 F.3d 560, 565 (8th Cir. 2009) (citation omitted).

Substantial evidence links Young to each robbery for which he was indicted in this case. The jurors were able to observe Young at trial and compare him with the individuals appearing in the surveillance photos from the four Minnesota banks. There was also evidence from which they could find that the same individual had robbed the four banks in Minnesota as well as the banks in West Virginia and South Dakota. Moreover, a search of Young's residence found baseball caps and plaid shirts matching those worn during the Minnesota robberies, three tellers identified Young from a photographic lineup after his arrest, and one also identified him in court. We conclude that the evidence sufficiently supports Young's four Minnesota convictions for bank robbery.

Young finally argues that his sentence is substantively unreasonable because he was unarmed during the robberies and he is already serving lengthy sentences for his South Dakota and West Virginia convictions. We review sentences for substantive reasonableness under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 41 (2007). A sentence within the guideline range is "presumptively reasonable on appeal," United States v. Borromeo, 657 F.3d 754, 756 (8th Cir. 2011), and district courts have "broad statutory authority" to impose sentences concurrently or consecutively. See United States v. Rutherford, 599 F.3d 817, 820 (8th Cir. 2010).

Young's sentence of 220 months for each of the Minnesota bank robberies is within his guideline range and therefore presumptively reasonable. Borromeo, 657 F.3d at 756. The district court considered the sentencing factors in 18 U.S.C. § 3553(a) and acted within its authority in ordering that these 220 month sentences be served concurrently with 100 months of his sentences for robbing banks in West Virginia and South Dakota. Rutherford, 599 F.3d at 820. The district court explained that Young should serve an independent term of imprisonment for the bank robberies he committed in Minnesota and concluded that his sentence was "sufficient to comply

with the statutory objectives." We conclude that the district court did not abuse its discretion in determining Young's sentence for the Minnesota bank robberies.

Accordingly, we affirm the judgment of the district court.

_____