# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-1024
_____

United States of America

*Plaintiff - Appellee*

v.

Todd Christopher Smith

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Joplin

_____

Submitted: August 30, 2013
Filed: September 5, 2013
[Unpublished]

_____

Before WOLLMAN, GRUENDER, and BENTON, Circuit Judges.

_____

PER CURIAM.

Todd Smith appeals the district court's[1] judgment entered after a jury found him guilty of sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a) and (e).

_____

[1]The Honorable Richard E. Dorr, late a United States District Judge for the Western District of Missouri.

The district court sentenced him to life in prison.  Smith's counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), raising claims that insufficient evidence supported the conviction; that the conviction violated Smith's rights under the First Amendment Free Exercise Clause; that enactment of section 2251 exceeded Congress's authority under the Commerce Clause; and that the court erred in sentencing Smith to life in prison.  In his pro se brief, Smith also raises the Commerce Clause argument, and argues further that the district court did not have jurisdiction because 18 U.S.C. § 3231 was not validly enacted, and that counsel was ineffective for not moving to suppress the search of his cell phone.

We hold that the evidence was sufficient, particularly because Smith admitted to the elements of the crime at trial.  See United States v. Coutentos, 651 F.3d 809, 823 (8th Cir. 2011) (elements of crime); United States v. Birdine, 515 F.3d 842, 844 (8th Cir. 2008) (standard of review).  We reject the First Amendment argument, as the statute is neutral and the Supreme Court has recognized the government's compelling interest in protecting children from abuse, see Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah, 508 U.S. 520, 531 (1993) (neutral and generally applicable statute need not be justified by compelling government interest even if it incidentally burdens particular religious practice); Osborne v. Ohio, 495 U.S. 103, 109 (1990) (interest in safeguarding physical and psychological well-being of minors is compelling); and we have previously rejected the claim that the statute violates the Commerce Clause, see United States v. Fadl, 498 F.3d 862, 866 (8th Cir. 2007).  We find no error in Smith's sentence, which was within the properly calculated Guidelines range.  See United States v. Young, 644 F.3d 757, 762 (8th Cir. 2011) (this court reviews substantive reasonableness of sentence under deferential abuse-of-discretion standard and may apply presumption of reasonableness to sentence within Guidelines range); United States v. Feemster, 572 F.3d 455, 460-61 (8th Cir. 2009) (en banc) (appellate court's review of sentence for abuse of discretion includes ensuring no significant procedural error occured, and considering substantive reasonableness under totality of circumstances).

As to Smith's remaining pro se arguments, we conclude that the jurisdictional argument is meritless, see United States v. Romero-Galue, 757 F.2d 1147, 1150 n.10 (11th Cir. 1985) (district court "obviously had subject matter jurisdiction" because Congress, pursuant to § 3231, "conferred upon the federal district courts the power to adjudicate all cases involving crimes against the United States"), and we decline to consider on direct appeal his ineffective-assistance claim, see United States v. Looking Cloud, 419 F.3d 781, 788-89 (8th Cir. 2005) (ineffective-assistance claims are better raised in habeas proceedings).

After reviewing the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues for appeal. Accordingly, the judgment is affirmed. We also grant counsel's motion to withdraw, and deny Smith's appellate motions.

_____