# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-1589

_____

United States of America

*Plaintiff - Appellee*

v.

De Shane Von Crutcher

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: August 27, 2013
Filed: September 6, 2013
[Unpublished]

_____

Before SMITH, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

De Shane Von Crutcher admitted that he had possessed and sold cocaine base while he was serving a term of supervised release on a firearms conviction. The

District Court[1] revoked his release and imposed a revocation sentence of 23 months in prison. He was also charged with, and pleaded guilty to, distributing approximately .56 grams of a mixture containing cocaine base, 21 U.S.C. § 841(a)(1), (b)(1)(C). The District Court sentenced him at the bottom of the Guidelines range to 151 months in prison, with the sentence to run consecutively to the 23-month revocation sentence, and 5 years of supervised release. On appeal, Crutcher's counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967).

Counsel first argues that the court abused its discretion in refusing to run the instant sentence concurrently with the 23-month revocation sentence. We conclude, however, that the court's decision is not unreasonable. See U.S. Sentencing Guidelines Manual § 5G1.3(c) cmt. n.3(A) ("Under subsection (c), the court may impose a sentence concurrently, partially concurrently, or consecutively to [an] undischarged term of imprisonment."); id. cmt. n.3(C) (explaining that subsection (c) applies if the instant offense was committed while the defendant was on supervised release and has had that supervised release revoked and noting that "the Commission recommends that the sentence for the instant offense be imposed consecutively to the" revocation sentence); see also United States v. Winston, 456 F.3d 861, 867 (8th Cir. 2006) (standard of review).

Counsel next argues that the court improperly weighed the 18 U.S.C. § 3553(a) sentencing factors in imposing sentence and in refusing to vary downward. We may apply a presumption of reasonableness to a sentence within the Guidelines range. United States v. Young, 644 F.3d 757, 762 (8th Cir. 2011). But even without that presumption, the record shows that the court carefully explained the reasons for its sentence and its refusal to vary downward, and we see no indication that the court

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

improperly weighed the sentencing factors. See United States v. Coleman, 635 F.3d 380, 383 (8th Cir. 2011) (holding that even without the presumption of reasonableness, defendant's sentence was reasonable because the district court explained that the decision not to grant a downward variance "was necessary to afford adequate deterrence, to protect the public, to avoid unwarranted sentencing disparities, and to further the congressional intent of severely sentencing career offenders").

Finally, after reviewing the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues for appeal. Accordingly, we affirm the judgment of the District Court, and we grant counsel's motion to withdraw, subject to counsel informing Crutcher about procedures for seeking rehearing or filing a petition for certiorari.

_____