# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1369

_____

United States of America

*Plaintiff - Appellee*

v.

Juan Hernandez-Martinez

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: November 14, 2016
Filed: December 13, 2016
[Unpublished]

_____

Before COLLOTON, BEAM, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

After Juan Hernandez-Martinez pled guilty to a single count of illegal reentry following a conviction for an aggravated felony in violation of 8 U.S.C. § 1326(a)

and (b)(2), the district court[1] sentenced him to 24 months' imprisonment. Hernandez-Martinez challenges his sentence on procedural and substantive grounds. We affirm.

A federal grand jury indicted Hernandez-Martinez for illegal reentry to the United States following conviction for an aggravated felony, and he pled guilty. The Presentence Investigation Report determined a total offense level of 13 and a criminal history category of IV. Consequently, his advisory sentencing guidelines range was 24 to 30 months. At sentencing, Hernandez-Martinez requested a sentence of one year and one day, arguing that his criminal history was overstated because his 2003 grand larceny conviction occurred when he had little money and needed to support a child with severe medical needs. The Government requested a sentence within the guidelines range. The district court noted that there are always "reasons why people do the things that they do" and that it was "required to consider a defendant's history and characteristics." It also acknowledged that Hernandez-Martinez had pled guilty and "appreciate[d] the fact that he [was] classified as a trustee at the jail . . . [and was] a good worker in the kitchen." Finally, the court accepted that Hernandez-Martinez returned to the United States only after being shot in Honduras and fearing for his life. Notwithstanding those facts, the district court determined that Hernandez-Martinez was "a danger to society" because he had a significant criminal history and three prior deportations. Accordingly, the district court found that the advisory sentencing guidelines range was "not excessive" and sentenced Hernandez-Martinez to 24 months' imprisonment.

"In reviewing a defendant's sentence, we first ensure that the district court did not commit significant procedural error . . . then, absent significant procedural error, we review the sentence for substantive reasonableness." *United States v. San-Miguel*, 634 F.3d 471, 473 (8th Cir. 2011) (quotation omitted). Hernandez-Martinez alleges

---

[1]The Honorable Laurie Smith Camp, Chief Judge, United States District Court for the District of Nebraska.

that the district court procedurally erred by presuming that a sentence within the guidelines range was reasonable, though his main argument is that the district court substantively erred by improperly weighing the 18 U.S.C. § 3553 factors.

"In reviewing a sentence for procedural error, we review the district court's factual findings for clear error and its application of the guidelines de novo." *United States v. Barker*, 556 F.3d 682, 689 (8th Cir. 2009). Hernandez-Martinez asserts that the district court procedurally erred by presuming a sentence within the guidelines range was reasonable instead of independently determining an appropriate sentence, in contravention of *Nelson v. United States*. *See* 555 U.S. 350, 352 (2009) ("Our cases do not allow a sentencing court to presume that a sentence within the applicable Guidelines range is reasonable."). He bases his argument on the district court's comment, "So I think that the guidelines in this case are not excessive." However, read in context, this language merely indicates the district court considered Hernandez-Martinez's arguments in favor of his requested sentence and determined that a sentence within the guidelines range was appropriate. Encountering a similar argument in *United States v. Bolden*, we determined "[t]he statement does not demonstrate the district court presumed the advisory Guidelines range was reasonable." 596 F.3d 976, 985 (8th Cir. 2010). Accordingly, Hernandez-Martinez has failed to show the district court procedurally erred.

Hernandez-Martinez next argues that his within-guidelines sentence was substantively unreasonable because the district court improperly weighed the § 3553(a) factors. We review this claim under a "deferential abuse-of-discretion standard, taking into account the totality of the circumstances." *United States v. Young*, 644 F.3d 757, 762 (8th Cir. 2011); *see also United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) ("A district court abuses its discretion when it . . . considers only the appropriate factors but in weighing those factors commits a clear error of judgment."). Additionally, Hernandez-Martinez's sentence is within the guidelines range, so we accord it a presumption of reasonableness, *see Bolden*, 596

F.3d at 985, and note that "[t]he district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." *United States v. Borromeo*, 657 F.3d 754, 757 (8th Cir. 2011) (quotation omitted).

Here, the district court expressly considered and did not clearly err in weighing the § 3553(a) factors. *See Feemster*, 572 F.3d at 464. The court heard the circumstances surrounding Hernandez-Martinez's 2003 grand larceny conviction and acknowledged that it was required to consider his history and characteristics. *See* 18 U.S.C. § 3553(a)(1). The court also recognized his exemplary record in jail and his experience in Honduras. At the same time, the court found that these circumstances did not excuse or justify his crimes. The court then pointed to his significant criminal history—which included convictions for grand larceny, assault and battery, DUI, and another illegal reentry following a conviction for an aggravated felony—and determined that Hernandez-Martinez was a danger to society. The court concluded with an independent assessment that the guidelines range was "not excessive" and sentenced Hernandez-Martinez at the low end of the range. This discussion is more than sufficient to show that the district court considered the appropriate factors and reasonably determined that the seriousness of the offense and Hernandez-Martinez's extensive criminal history outweighed any mitigating circumstances surrounding his characteristics and personal history. As a result, this is not "the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *See Feemster*, 572 F.3d at 464 (quotation omitted).

For the foregoing reasons, we affirm Hernandez-Martinez's sentence.

_____