# United States Court of Appeals

## For the Eighth Circuit

_____

No. 16-3556

_____

United States of America

*Plaintiff - Appellee*

v.

Alfred Latrell Jackson

*Defendant - Appellant*

_____

No. 16-3632

_____

United States of America

*Plaintiff - Appellee*

v.

Curtis Lee Kemp

*Defendant - Appellant*

_____

Appeals from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: April 7, 2017
Filed: May 15, 2017

_____

Before SMITH, Chief Judge, SHEPHERD, Circuit Judge, and FENNER,[1] District Judge.

_____

FENNER, District Judge.

This case arises from an investigation into a heroin-distribution conspiracy in Iowa City, Iowa. On July 21, 2015, a grand jury sitting in the Southern District of Iowa returned a superseding indictment charging Alfred Latrell Jackson and Curtis Lee Kemp, as well as five other individuals, with conspiracy to distribute heroin, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and multiple counts of distribution of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Before trial, the government filed a notice of intent to use Rule 404(b) evidence. On April 12, 2016, a jury returned guilty verdicts as to both Jackson and Kemp.

The district court[2] sentenced Jackson to 188 months' imprisonment and sentenced Kemp to 84 months' imprisonment. Both filed timely notices of appeal. We affirm the district court's judgment.

## I.    BACKGROUND

Beginning in 2012, Iowa City law enforcement witnessed a tremendous increase in the use and distribution of heroin within the jurisdiction. In July 2014, investigators identified a man named Jason Dawson as a source of heroin in the area. With the goal of ultimately purchasing heroin directly from Dawson, police began executing controlled purchases in the city. Those purchases led them to contact with

_____

[1]The Honorable Gary A. Fenner, Judge, United States District Court for the Western District of Missouri, sitting by designation.

[2]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

-2-

both Dawson, and appellant Curtis Kemp. In July 2014, an officer was able to execute a search of Dawson's vehicle during a traffic stop. The officer discovered a small amount of heroin, $1,097 in United States currency, and two cellular phones. Officers later obtained warrants to search the contents of those phones. They identified two numbers Dawson frequently texted about heroin and large amounts of money. Officers searched Dawson's residence that same day. During the search, they discovered additional evidence of an on-going heroin distribution scheme. Dawson agreed to cooperate with authorities, and identified appellant Alfred Jackson as his heroin source. The officers set up a recorded phone call between Dawson and Jackson, and the two spoke about a pending transaction. Officers then searched Jackson's residence and discovered further evidence of a heroin distribution ring. Among the discovered evidence was a cell phone that matched the number Dawson frequently texted about heroin transactions.

Officers eventually arrested both Kemp and Jackson. The two, along with five others, were charged with conspiracy to distribute heroin and several other related crimes. Kemp and Jackson now appeal their conviction.

## II.  DISCUSSION

### A.  Admission of Evidence under Federal Rule of Evidence 404(b)

Appellant Kemp argues that the district court abused its discretion when it, over Kemp's objection, allowed the government to present (1) evidence of a 2010 search of Kemp's apartment that showed Kemp was involved in selling controlled substances; and (2) testimony from Ricky Jones detailing that he and Kemp had used heroin together. We review the district court's admission of evidence under Rule 404(b) for abuse of discretion. United States v. Wilson, 619 F.3d 787, 791-92 (8th Cir. 2010). We will reverse the district court's decision "only when such evidence clearly had no bearing on the case and was introduced solely to prove the defendant's

propensity to commit criminal acts." United States v. Littlewind, 595 F.3d 876, 881 (8th Cir. 2010) (quotation omitted).

At trial, the government presented testimony from Investigator Blomgren, a narcotics investigator with the Iowa City Police Department. Blomgren's testimony covered many aspects of the investigation that snared Kemp, and included an account of a 2010 search of Kemp's apartment. In 2010, the police obtained a search warrant after they executed a controlled-buy with a different individual inside the unit. Officers discovered a crack cocaine pipe, crack cocaine paraphernalia, prescription pills, packaging materials, a digital scale, and cell phones during the search. The state of Iowa filed charges against Kemp over the officers' findings, but the charges were later dismissed. The district court allowed the government to introduce Blomgren's testimony about the 2010 search, but contemporaneously instructed the jury as follows:

> Remember if you find that Defendant Kemp was involved in drug activity prior to the alleged conspiracy, this is not evidence that he committed the drug crimes alleged in this case. You may not convict a person simply because he may have committed similar acts in the past. Defendant Kemp is on trial only for the crimes charged, and you may consider this evidence of any prior acts that you find to be supported by evidence involving drug activities only for matters relating to his plan, knowledge, and intent regarding the charged conspiracy.

The government also offered testimony from Ricky L. Jones, an Iowa City resident that regularly used heroin with Kemp in the past. Jones and Kemp sometimes shared the cost of heroin. Other times he would give Kemp money to purchase the drug and Kemp would return later with the purchase.

Kemp advances two arguments in his appeal: first, that Blomgren's testimony regarding the 2010 search and the Ricky Jones testimony regarding Kemp's prior drug use were irrelevant to any issue at trial; and second, that the testimony's probative value was substantially outweighed by the danger of unfair prejudice.

Rule 404(b)(1) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." However, Rule 404(b) is a rule of inclusion. United States v. Cotton, 823 F.3d 430, 434 (8th Cir. 2016). Evidence of prior bad acts is admissible if offered for a certain limited purpose, and "(1) is relevant to a material issue, (2) is similar in kind and close in time to the crime charged, (3) is proven by a preponderance of the evidence, and (4) does not have a prejudicial effect that substantially outweighs the probative value." United States v. Ali, 616 F.3d 745, 752-53 (8th Cir. 2010) (citing United States v. Turner, 583 F.3d 1062, 1065-66 (8th Cir. 2009)). Such valid purposes for admission include "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2); *see also* United States v. Shoffner, 71 F.3d 1429, 1432 (8th Cir. 1995).

Kemp's defense advanced a general denial of his participation in the conspiracy. "When a defendant raises the issue of mental state . . . by means of a general denial that forces the government to prove every element of its case, prior bad acts evidence is admissible because mental state is a material issue." United States v. Thomas, 58 F.3d 1318, 1322 (8th Cir. 1995). Further, "[e]vidence of prior drug dealings is relevant to the material issue of whether [Kemp] had the requisite intent to enter into a conspiracy." Turner, 583 F.3d at 1066 (quotation and alterations in original omitted). The dismissal of Kemp's 2010 state charges does not bar admissibility under Rule 404(b). *See* United States v. Emmanuel, 112 F.3d 977, 981 (8th Cir. 1997) (stating district court did not abuse its discretion in admitting evidence of uncharged drug distribution). The test for relevance is simply whether "the jury

can reasonably conclude that the act occurred and that the defendant was the actor." United States v. Armstrong, 782 F.3d 1028, 1034 (8th Cir. 2015) (quoting Huddleston v. United States, 485 U.S. 681, 689, 108 S. Ct. 1496, 99 L. Ed. 2d 771 (1988)). We find that evidence of drug distribution discovered at Kemp's apartment in 2010 is relevant to the material issue of Kemp's mental state as to the present charged conspiracy.

Kemp similarly challenges that Jones's testimony regarding his and Kemp's prior drug use was not relevant for any Rule 404(b) purpose. However, this circuit allows the admission of evidence under Rule 404(b) concerning prior drug use. United States v. Williams, 895 F.2d 1202, 1205 (8th Cir. 1990). Jones's testimony relates to the same material issues of Kemp's mental state that also supported the admissibility of Officer Blomgren's testimony. *See* United States v. Armijo, 834 F.2d 132, 135-36 (8th Cir. 1987) (observing that prior drug use helps establish motive, intent, and lack of accident regarding alleged participation in conspiracy).

Kemp next argues that the district court failed to require the government to explain the chain of logic that the jury could employ to link the Rule 404(b) evidence to an element of the charged crime. It is true; the government must "identify the permissible non-propensity purpose for the evidence, and must articulate the relationship between the [evidence] and a material issue in the case." Cotton, 823 F.3d at 432. Simple recitation of Rule 404(b)'s elements is generally discouraged. United States v. Mothershed, 859 F.2d 585, 589 (8th Cir. 1988). Here, however, the government's Rule 404(b) Notice sufficiently explained how the evidence related to establishing a common intent, motive, and plan. The district court's ruling reveals no error that substantially influenced the jury's verdict.

Kemp's final argument relates to the potential prejudicial effect of Officer Blomgren's and Jones's testimony. "Though all Rule 404(b) evidence is inherently prejudicial, the test under Rule 403 is whether its probative value is *substantially*

outweighed by the danger of *unfair* prejudice." United States v. Cook, 454 F.3d 938, 941 (8th Cir. 2006) (emphasis in original) (citing United States v. Noland, 960 F.2d 1384, 1387 (8th Cir. 1992)). Such weighing is generally left to the district court's discretion. United States v. Franklin, 250 F.3d 653, 659 (8th Cir. 2001). Kemp primarily argues that Officer Blomgren's and Jones's testimony was merely cumulative of other evidence presented, and thus should have been excluded. Indeed, we must closely scrutinize evidence of prior bad acts when the evidence is cumulative in nature. *See* United States v. Sw. Bus Sales, Inc., 20 F.3d 1449, 1456-57 (8th Cir. 1994). However, in this circumstance, the government established a valid purpose to admit the evidence and showed how the prior bad acts were similar in kind and close in time to the charged conduct. Such a showing has been found sufficient for the purposes of Rule 404(b) on prior occasions. *See* Turner, 583 F.3d at 1066. Kemp's prior bad acts were relevant to proving he possessed the charged offenses' requisite mental state. Further, the district court controlled for any potential prejudicial effect when it instructed the jurors that the evidence was only to be considered for the purpose of showing Kemp's plan, knowledge, and intent. *See* United States v. Hill, 638 F.3d 589, 592-93 (8th Cir. 2011) (finding the court's limiting instruction minimized any prejudicial effect) (quoting Turner, 583 F.3d at 1066). Consequently, we find no error in the district court's inclusion of the Rule 404(b) evidence.

## B. Sufficiency of Evidence

Appellant Jackson argues the evidence was insufficient to convict him for the charged conspiracy. "We review the sufficiency of evidence de novo, viewing evidence in the light most favorable to the government, resolving conflicts in the government's favor, and accepting all reasonable inferences that support the verdict." United States v. Polk, 715 F.3d 238, 245 (8th Cir. 2013).

"To establish that a defendant conspired to distribute drugs under 21 U.S.C. § 846, the government must prove: (1) that there was a conspiracy, i.e., an agreement

to distribute the drugs; (2) that the defendant knew of the conspiracy; and (3) that the defendant intentionally joined the conspiracy." United States v. Rolon-Ramos, 502 F.3d 750, 754 (8th Cir. 2007) (quotation omitted). The government can establish these elements through direct or circumstantial evidence. United States v. Chavez-Alvarez, 594 F.3d 1062, 1067 (8th Cir. 2010).

Jackson's argument focuses primarily on the credibility of Jason Dawson's testimony. At trial, Dawson testified that Jackson was his source of heroin. He testified that the two were in frequent contact, which was supported by phone records that showed 639 such instances between January 2014 and August 2014. Dawson testified that he began selling heroin as a means to get high, but worked with Jackson to increase his sales volume over time. Although Dawson recruited many of his own customers, Jackson put Dawson in contact with Dawson's original clientele. Dawson further testified about his money management practices. Dawson would obtain heroin from Jackson, sell the heroin, and then return a portion of the profit to Jackson in white envelopes each containing one-thousand dollars.

Jackson points to various portions of Dawson's testimony and claims they demonstrate that Dawson was inconsistent and lacked credibility. However, it is the jury's responsibility to determine matters of credibility, and any credibility issue is resolved in favor of the verdict. Polk, 715 F.3d at 247. Further, Dawson's testimony did not stand alone. The jury heard voluminous evidence from other sources that supported a finding that Jackson took part in a conspiracy to distribute heroin. The government advanced several other supporting witnesses, a drug ledger showing records of monetary transactions, a recorded phone call between Dawson and Jackson, and evidence consistent with drug distribution that was recovered from Jackson's residence. Taking into consideration the extensive amount of evidence that implicated Jackson in the conspiracy, we affirm his conviction.

## III.    CONCLUSION

The district court properly allowed the government to present evidence under Rule 404(b).  Further, the government presented sufficient evidence to establish Jackson's participation in the conspiracy to distribute heroin.  Accordingly, we affirm the judgment of the district court.

_____