# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-1255

_____

United States of America

*Plaintiff - Appellee*

v.

Armando Castillo Valerio

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Waterloo

_____

Submitted: January 10, 2018
Filed: April 27, 2018
[Unpublished]

_____

Before SMITH, Chief Judge, MELLOY and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

A jury convicted Armando Valerio of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.

During trial, the district court[1] granted the government's motion under Federal Rule of Evidence 404(b) to introduce a certified copy of Valerio's prior state-court conviction for possession of methamphetamine with intent to distribute. Valerio appeals, contending the prior conviction was irrelevant and constitutes mere propensity evidence that fails to meet the Rule 404(b) standard for admission. We affirm.

According to the evidence at trial, Valerio and several others were involved in a conspiracy to distribute methamphetamine throughout the state of Iowa. No fewer than seven witnesses testified at trial that they regularly obtained various quantities of methamphetamine from Valerio. And Valerio's coconspirators also testified, describing at length the process by which they would acquire and resell the drugs. To defend against these charges, Valerio has consistently asserted that all methamphetamine found was for personal use to support his addiction. In order to demonstrate that Valerio knew the full scope of the conspiracy and was a willing participant therein, the government sought to introduce a certified copy of Valerio's 2004 Iowa conviction for possession with intent to distribute less than five grams of methamphetamine. Although the district court conditionally excluded this evidence prior to trial in order to see what the trial evidence showed, it revisited the matter during trial and ruled that evidence of the conviction was admissible. Valerio argues this was in error.

"We review the district court's decision to admit evidence of [a defendant's] prior bad acts for abuse of discretion," and we will reverse "only when the evidence clearly had no bearing on the case and was introduced solely to prove the defendant's propensity to commit criminal acts." United States v. Buckner, 868 F.3d 684, 687 (8th Cir. 2017) (internal quotation marks omitted). "Evidence of a crime, wrong, or

---

[1]The Honorable Leonard T. Strand, Chief Judge of the United States District Court for the Northern District of Iowa.

other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed R. Evid. 404(b)(1). But, in a criminal case, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Ultimately, the evidence is admissible if it "(1) is relevant to a material issue, (2) is similar in kind and close in time to the crime charged, (3) is proven by a preponderance of the evidence, and (4) does not have a prejudicial effect that substantially outweighs the probative value." United States v. Jackson, 856 F.3d 1187, 1191 (8th Cir. 2017) (internal quotation marks omitted).

Valerio argues that the prior conviction was irrelevant and too remote in time. As to relevance, "[e]vidence of prior drug dealings is relevant to the material issue of whether [Valerio] had the requisite intent to enter into a conspiracy." Id. (first alteration in original) (internal quotation marks omitted). Valerio likens this case to United States v. Turner, 781 F.3d 374, 390 (8th Cir. 2015), in which we were critical of the government's vague assertions, without more, that a prior conviction was relevant to show the defendant's intent and knowledge. Here, however, Valerio placed his knowledge or intent at issue during his counsel's cross examination of the government's witnesses, in which counsel repeatedly directed questioning at the small amount of methamphetamine found in Valerio's possession, Valerio's personal use habits, and whether others could have been responsible for the narcotics or paraphernalia. The government's strategy to counter this defense was to demonstrate Valerio's intent to enter into a drug conspiracy, and "[e]vidence of prior drug dealings is relevant to the material issue of whether [Valerio] had the requisite intent to enter into a conspiracy." Jackson, 856 F.3d at 1191 (first alteration in original) (internal quotation marks omitted).

With respect to the remoteness in time between the prior conviction and the current offense, the six or seven years between the defendant's release from prison

and the conduct underlying the current offense does not diminish the probative value of the evidence.  See United States v. Walker, 470 F.3d 1271, 1275 (8th Cir. 2006) (holding prior convictions admissible where eight years passed between release from prison and the conduct underlying the offense).

The district court did not abuse its discretion in admitting evidence of Valerio's 2004 conviction.[2]

———————————————

———————————————

[2]Valerio also argues that the district court erred in not granting his request for a downward departure, but he concedes that this issue is not reviewable under current precedent absent circumstances not present here.  See United States v. Bryant, 606 F.3d 912, 919 (8th Cir. 2010) ("[I]n general,[t]he discretionary denial of a motion for downward departure is unreviewable unless the court failed to recognize its authority to depart." (second alteration in original) (internal quotation marks omitted)).