NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4386
_____

UNITED STATES OF AMERICA

v.

MICHAEL MAGUIRE,
                                          Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Crim. Action No. 2-09-cr-00665-001)
District Judge:  Honorable Faith S. Hochberg
_____

Submitted Under Third Circuit LAR 34.1(a)
June 24 2011
_____

Before:  CHAGARES, JORDAN, and GREENAWAY, JR., Circuit Judges

(Opinion Filed July 12, 2011)
_____

OPINION
_____

GREENAWAY, JR., Circuit Judge

Appellant Michael Maguire ("Maguire") appeals the District Court's September

10, 2010 judgment of conviction, sentencing him to a term of 42 months of

imprisonment, followed by 4 years of supervised release with special conditions, and his apportioned amount of restitution of $9,500. For the reasons that follow, we will affirm.

## I.    BACKGROUND

Because we write primarily for the benefit of the parties, we shall recount only the essential facts. On September 3, 2009, Maguire was indicted on a one-count charge of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and § 2. On February 1, 2010, Maguire pled guilty, pursuant to a written plea agreement with the government.[1] On February 1, 2010, Magistrate Judge Shwartz took Maguire's plea. After concluding that Maguire's guilty plea was "knowing, intelligent and voluntary," Magistrate Judge Shwartz submitted a Report and Recommendation (R&R) to the District Court. The District Court adopted the R&R, and accepted Maguire's guilty plea.

On June 11, 2010, the Probation Office prepared a pre-sentence investigation report (PSR), recommending a total offense level of 28 based on: (1) a base offense level of 18; (2) a two-level enhancement, because the material involved prepubescent minors and minors under the age of 12; (3) a four-level enhancement, because the offense involved material that portrays sadistic or masochistic conduct; (4) a two-level enhancement, because the offense involved the use of a computer; (5) a five-level enhancement, because the offense involved the possession of 600 or more images of child

---

[1] The plea agreement did not stipulate to a Guidelines calculation. However, Maguire agreed that: (1) the images he possessed involved prepubescent minors and minors under the age of twelve years old; (2) the offense involved the use of a computer; and (3) the offense involved 600 or more images of child pornography. Maguire also admitted to these facts at his plea allocution.

pornography; and (6) a three-level reduction for acceptance of responsibility. Maguire had no criminal record before this conviction, resulting in a criminal history category I. The advisory Guidelines range was 78 to 97 months of imprisonment.

At sentencing on September 7, 2010, Maguire did not request any downward departures. He did request that the District Court grant him a substantial variance from the advisory Guidelines range and sentence him to one day of imprisonment and a ten-year term of supervised release, instead of the PSR's suggested sentencing Guidelines range of 78 to 97 months of imprisonment. The District Court sentenced Maguire to 42 months of imprisonment. Maguire filed a timely notice of appeal.

## II.   JURISDICTION AND STANDARD OF REVIEW

The District Court had subject matter jurisdiction, pursuant to 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

A district court's sentencing procedure is reviewed for abuse of discretion. Gall v. United States, 552 U.S. 38, 51-52 (2007). On abuse of discretion review, the court of appeals gives due deference to a district court's sentencing decision. Id. at 51. District courts have discretion when sentencing and appellate review is limited to determining whether the sentence imposed is reasonable. Id. Our appellate review proceeds in two stages. It begins by ensuring that the district court committed no significant procedural error, such as (1) failing to calculate (or improperly calculating) the U.S. Sentencing Guidelines range; (2) treating the Guidelines as mandatory; (3) failing to consider the 18 U.S.C. § 3553(a) factors; and (4) selecting a sentence based on clearly erroneous facts, or

3

failing to adequately explain the chosen sentence and to include an explanation for any deviation from the guidelines range. United States v. Tomko, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). If the district court's sentence is procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided. Id. at 568. Then, at stage two, we consider a sentence's substantive reasonableness. Our substantive review requires us not to focus on one or two factors, but on the totality of the circumstances. At both stages of our review, the party challenging the sentence has the burden of demonstrating unreasonableness. Id. at 567. (Internal quotations marks, brackets, and citations omitted).

### III.   ANALYSIS

Maguire argues that his sentence is both procedurally flawed and substantively unreasonable, because the District Court failed to properly consider the 18 U.S.C. § 3553(a) factors. Maguire specifically contends that the sentence was procedurally flawed because the District Court failed to address his policy arguments related to § 2G2.2 and failed to discuss what role the additional non-Guidelines information he provided, including an expert report, played in the determination of the final sentence. Maguire also argues that the sentence was substantively unreasonable because the District Court, after failing to consider the § 3553(a) factors, imposed a sentence that was unnecessarily

4

punitive under the facts and the nature and circumstances of his case.[2]

After the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), sentencing Guidelines are no longer deemed mandatory. Instead they are deemed advisory. Since Booker, district courts are required to follow a three-step process in determining the appropriate sentence in this advisory scheme. "Courts must continue to calculate a defendant's Guidelines sentence precisely as they would have before Booker. In doing so, they must formally rule[e] on the motions of both parties and stat[e] on the record whether they are granting a departure and how that departure affects the Guidelines calculation, and tak[e] into account [our] Circuit's pre-Booker case law, which continues to have advisory force. Finally, they are required to exercise [their] discretion by considering the relevant § 3553(a) factors, in setting the sentence they impose regardless whether it varies from the sentence calculated under the Guidelines." United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006) (internal quotation marks and citations omitted). The sentencing courts are statutorily required to state their reasons for imposing a sentence, although a comprehensive, detailed opinion is not required. Rita v. United States, 551 U.S. 338, 356 (2007). The sentencing court must provide an explanation that is sufficient to satisfy the appellate court that the district court considered the parties' arguments and had a reasoned basis for exercising its own decision-making authority. Id.

---

[2] The pertinent § 3553(a) factor is the nature and circumstances of the offense and the history and characteristics of the defendant.

5

Maguire contends that "in pronouncing the final sentence, the district court largely limited its discussion to the two enhancements it declined to apply to the sentence. The district court did not discuss how the academic reports, case law or the Sentencing Commission's own reports impacted the sentencing process." (Appellant's Reply Br. 11.)

Although the District Court did not comment on the policy argument in its final sentencing statement, the record indicates that the District Court acknowledged the argument, entered into an extensive colloquy regarding the argument, and then ruled. There is no requirement that the District Court provide an exegesis on all issues raised before rendering sentence. There is no error.

Maguire next contends that the District Court failed to properly consider all of the § 3553(a) factors. The District Court thoroughly considered the sentencing factors. The District Court first discussed the nature and circumstances of the offense, and found that Maguire's conduct involved downloading and viewing child pornography and that it was an "abhorrent, horrible, detestable crime," and that the impact on the victims is irreparable. (J.A., Vol. II, 84.) The District Court noted Maguire's history and characteristics, stating that it did not think Maguire would reoffend and acknowledging that he was suffering as a result of this crime. Then, the District Court considered the impact of Maguire's actions on the parents of the victims, on Maguire's own family, and on the people victimized by child pornography. The District Court noted that in determining a fair sentence, it must "weigh the bad and the good." (Id. at 86.) Next, the

6

District Court discussed deterrence, requiring Maguire to undergo treatment in a mental health program and to have his computer equipment subject to unannounced examinations. The District Court also ruled that Maguire could not have any collections of films, slides, pictures, tapes, videotapes or any form of pictorial representation, involving minor children of either sex.

The District Court discussed the need to appropriately punish Maguire for his crime, and inquired whether similar cases existed, and what the judgment was in those cases, in its efforts to come up with a "fair and just sentence." (J.A., Vol. II, 82.) The District Court also addressed the need for restitution, and required that Maguire pay $9,500 as a share of the $379,000 total restitution to be paid to one of the victims of his child pornography offenses.

Finally, the District Court addressed the importance of protecting the public, and prohibited Maguire from having any contact with children of either sex under the age of 18, without the express approval of the probation officer. The District Court also prohibited him from obtaining employment or doing volunteer work which involved contact with minor children, without the express approval of the probation officer.

The District Court expressed its concern as to what constituted fair punishment for Maguire and that it tried to "look at the varied characteristics of him personally, at - - you know, in terms of will he re-offend." (Id. at 84.) The District Court stated specifically that it had taken into account all of the § 3553(a) factors, including the nature and

7

circumstances of the offense. (Id. at 82-90.)  The District Court did not abuse its discretion.

The substantive component of a reasonableness review requires the appellate court to take into account the totality of the circumstances. United States v. Lychock, 578 F.3d 214, 217 (3d Cir. 2009).  Although the appellate court considers the extent of any variance from the advisory Guidelines range, it must also give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance. Id.  The substantive reasonableness of each sentence must be evaluated on its own terms, based on the reasons that the district court provided, in light of the particular facts and circumstances of that case. Tomko, 562 F.3d at 574.  In examining the totality of the circumstances, we determine whether a reasonable court would have applied the same sentence as the District Court. See Lychock, 578 F.3d at 219 n.2.

The District Court refused to add certain enhancements to Maguire's sentencing Guidelines calculation.  The District Court's actions in Maguire's case are similar to those in United States v. Grober, 624 F.3d 592 (3d Cir. 2010), where the district court found that most of the enhancements were essentially inherent in the crime and applied in nearly every case.  Therefore, the District Court held that the sentencing range recommended by § 2G2.2 would not be applied and could not be given deference. Id.

Here, when the advisory sentencing range was initially calculated in the PSR, the base offense level was 18.  A 2-level enhancement, under § 2G2.2(b)(4) was added, along with a 4-level enhancement, under § 2G2.2, a 2-level enhancement, under § 2G2.2(b)(6),

and a 5-level enhancement, under § 2G2.2(b)(7)(D).  Three levels were subtracted for acceptance of responsibility.  This added up to a total offense level of 28.  Maguire had no criminal history, which resulted in a criminal history category I.  The Guidelines advisory range for Maguire's criminal history category and offense level was 78 to 97 months.  The District Court rendered sentence – 42 months.

The District Court declined to apply the two-level enhancement for use of a computer under § 2G2.2(b)(6) or the five-level enhancement for the number of images discovered on his computer under § 2G2.2(b)(7)(D), thus reducing Maguire's total offense level from 28 to 21, and reducing the Guidelines advisory range from 78 to 97 months, to 37 to 46 months.  With regard to § 2G2.2(b)(6), the District Court stated that "these crimes always involve a computer, and therefore it is almost de facto, not de jure, but de facto become - - - that the use of the computer is synonymous with the crime." (J.A., Vol. II, 81.)  Regarding the enhancement for the number of images, pursuant to § 2G2.2(b)(7)(D), the District Court stated "the number of images doesn't reflect intent any longer, because the click of the mouse can result in many more images than anybody ever really perhaps wanted.  Although he has them.  But I don't view that as making the crime worse in this case, the number of images." (Id.)

The sentence imposed on Maguire was substantively reasonable.  The District Court provided a detailed and considered explanation for its decision to grant a variance, as evidenced by the record, and reflected its consideration of the totality of Maguire's circumstances.  In choosing not to add the enhancements, the District Court explained its

9

intent to sentence Maguire only for the crime he committed and not add automatic enhancements, which did not really reflect a specific crime, but which it viewed as being generally applicable to all child pornography cases.[3]

## IV.    CONCLUSION

The District Court properly calculated the Guidelines range, treated that range as advisory, considered the § 3553(a) factors and did not base its sentence on clearly erroneous facts. The District Court explained the reasons it was concerned about § 2G2.2 at sentencing, engaged in a sustained colloquy with both parties regarding § 2G2.2 policy issues, and then explained why it selected the sentence it did. Because the District Court undertook meaningful consideration of the § 3553(a) factors, we find no procedural error in sentencing Maguire. The District Court considered the totality of the circumstances in imposing its sentence. The sentence imposed by the District Court was substantively reasonable. Accordingly, we will affirm the judgment of conviction of the District Court.

---

[3] Maguire argues that his ultimate sentence should have been lower because, given the District Court's refusal to apply certain enhancements, the total offense level was much lower than had been anticipated. As such, a true variance, according to Maguire, would have proceeded lower than the ultimate Guidelines range of 37 to 46 months. This argument has no merit. The District Court pronounced a sentence within the appropriate Guidelines range and in accord with Gunter. No further departure or variance need be calculated or rendered.