# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2611

_____

United States of America,

        Appellee,

v.

Robert Glassgow,

        Appellant.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the Southern
\*   District of Iowa.
\*
\*
\*

_____

Submitted: February 17, 2012
Filed: June 28, 2012

_____

Before GRUENDER, BENTON, and SHEPHERD Circuit Judges.

_____

BENTON, Circuit Judge.

A jury convicted Robert Eugene Glassgow of receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2). He was sentenced to 188 months' imprisonment. He appeals arguing that there was insufficient evidence for the conviction. He also contends that the district court[1] abused its discretion in allowing the government to introduce into evidence images of child pornography and erred in imposing certain enhancements and an unreasonable sentence. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

---

[1]The Honorable James E. Gritzner, Chief Judge, United States District Court for the Southern District of Iowa.

## I.

A law enforcement investigation of peer-to-peer file-sharing of child pornography led to the seizure of a computer from Glassgow's residence. Glassgow had built the computer; the hard drive had 88 images of child pornography. Glassgow admitted to investigators that he had actually viewed the child pornography found in his shared folder. He used coded search terms to retrieve some of the pornography through the peer-to-peer program "FrostWire." The child pornography images, after being downloaded, were modified and accessed. Later, Glasssgow tried to delete the child-pornography files from the computer, but they remained in unallocated space on his hard drive. These images were offered for distribution via a peer-to-peer network about 84 times in a six-month period in 2008-2009.

## II.

The sufficiency of the evidence is reviewed de novo. ***United States v. Moran***, 612 F.3d 684, 690 (8th Cir. 2010). All reasonable inferences supporting the jury verdict are accepted. ***Id.*** The verdict will be upheld if any interpretation of the evidence could lead a reasonable jury to find guilt beyond a reasonable doubt. ***Id.***

Glassgow argues that the proof at trial was insufficient, stressing that three other people had access to the computer (his then-girlfriend and her two daughters). Although he recognizes that the evidence must be viewed most favorably to the verdict, he asserts his conviction is based on speculation. He contends there was insufficient evidence that he "knowingly" possessed the images of child pornography found on his computer's hard drive. He ignores that he confessed, that the child pornography images were offered for distribution, and that 88 images of child pornography were found in unallocated space on his computer (indicating he tried to delete the images). The reasonable inferences and interpretation of the evidence support the verdict of knowingly receiving child pornography.

-2-

III.

The district court's admission of evidence is reviewed for abuse of discretion. *United States v. Dorsey*, 523 F.3d 878, 879 (8th Cir. 2008).

All the pornographic images on Glassgow's computer were in thumbnail sketch form. He alleges they were not expandable for viewing and that the government's exhibits were only "similar" to the thumbnail pictures. Glassgow claims that the district court erred in admitting these exhibits. A government expert, however, verified that the images in exhibits 3 through 17 were the actual enlarged images from Glassgow's computer. To the extent Glassgow is challenging the government's exhibit 1 (a DVD compilation of three video clips from a law enforcement database), the SHA-1 values[2] of these videos matched the SHA-1 values of the files offered for distribution from Glassgow's computer. According to the expert, there was a 99.9999% probability that exhibit 1 contained the same video clips that Glassgow possessed. The admission of exhibit 1 (which was not published to the jury, only described to it) was not unfairly prejudicial. *Cf. United States v. McCourt*, 468 F.3d 1088, 1092-93 (8th Cir. 2006) (published videos were not found to be unfairly prejudicial).

The district court did not abuse its discretion in admitting the thumbnail sketches or the video clips.

IV.

The district court applied enhancements for distribution, sadistic conduct, number-of-images, and use-of-a-computer. The application of the sentencing

---

[2]SHA-1 stands for Secure Hash Algorithm Version 1–a digital fingerprint of a computer file. It is a 32-digit number that is calculated for a file and unique to it.

guidelines is reviewed de novo. ***United States v. Mathijssen***, 406 F.3d 496, 498 (8th Cir. 2005).

Glassgow argues that he should not receive a distribution enhancement under § 2G2.2(b)(3)(F) because he did not widely distribute the child pornography, create the images, or make any money by distributing them. True, an enhancement for distribution should not be automatically imposed based on use of a file-sharing program. ***United States v. Durham***, 618 F.3d 921, 931-32 (8th Cir. 2010) (reversing a distribution enhancement). Glassgow's reliance on *Durham* is misplaced because this court held that if a defendant uses a file-sharing program, a fact-finder may reasonably infer he intended to distribute files, unless there is "concrete evidence of ignorance." ***Id.*** Glassgow claims ignorance, contending that he did not intend to distribute the images and was not a sophisticated computer user. Unfortunately, there is no "concrete evidence" of ignorance. Glassgow built the computer, and uploaded and downloaded files and programs. He knowingly made files available for distribution. The enhancement for distribution was not imposed merely because Glassgow used a file-sharing program.

The district court imposed an enhancement for sadistic conduct under § 2G2.2(b)(4). Glassgow acknowledges that certain images on his computer were per se sadistic. *See **United States v. Johnson***, 450 F.3d 831, 834 (8th Cir. 2006). But then he argues that he really didn't seek out sadistic images and should not receive the enhancement. This argument has no legal support. The district court properly applied this enhancement.

Because the number of child pornography images was at least 300, but less than 600, the district court imposed a § 2G2.2(b)(7)(C) enhancement, and a § 2G2.2(b)(6) enhancement for use-of-a-computer. Glassgow asserts that because computer programs make it easy to access a large number of images, most offenders are unfairly subject to high enhancements. He also contends that he was just a small-scale

offender and should not be punished for the total number of images because he tried to delete them. His generic argument that this enhancement is unfair and harsh lacks any legal support. He emphasizes he tried to delete the images, arguing this should bar the distribution enhancement. He relies on an unpublished case where the Third Circuit upheld the district court's decision not to apply two enhancements for use-of-a-computer and number-of-images. *United States v. Maguire*, 436 Fed. Appx. 74, 78 (3d Cir. 2011). The district judge in *Maguire* refused to apply the two enhancements merely because a computer was used. Maguire appealed his within-guidelines sentence alleging unreasonableness (the government did not appeal). *Id.* The Third Circuit, considering the totality of the circumstances, found that the sentence was substantively reasonable. *Id.* at 77-78. Although the *Maguire* case upheld a refusal to apply the enhancement, it does not require a sentencing court to withhold it in all child pornography cases using a computer. The application of the number-of-images and use-of-a-computer enhancements was proper.

## V.

A district court's sentence is reviewed for abuse of discretion. *United States v. Hill*, 638 F.3d 589, 593 (8th Cir. 2011).

Glassgow's offense level of 36 and criminal history category I, resulted in a guideline range of 188 to 235 months. He was sentenced to 188 months. He argues that the child pornography guidelines are unduly harsh, lack empirical support, and produce sentences greater than necessary to serve the objectives of sentencing. Glassgow repeatedly argues he is a "generic offender," inferring his sentence is substantively unreasonable.

A within-guidelines sentence is presumptively reasonable on appeal. *United States v. Battiest*, 553 F.3d 1132, 1136 (8th Cir. 2009). Glassgow makes no valid appellate argument to rebut the presumption of reasonableness. *Id.*

\* \* \* \* \* \* \* \*

The judgment of the district court is affirmed.

_____