# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-1616
_____

United States of America,

*Plaintiff - Appellee*,

v.

Bert Andrew Bandstra,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: January 26, 2021
Filed: June 7, 2021

_____

Before COLLOTON, WOLLMAN, and SHEPHERD, Circuit Judges.

_____

COLLOTON, Circuit Judge.

A jury found Bert Bandstra guilty of conspiracy to distribute methamphetamine, and the district court sentenced him to 190 months' imprisonment. Bandstra appeals his sentence, and we affirm.

The evidence at trial showed that Bandstra conspired with others, including Christopher Zimmerman and Amber Jo Bonewitz, to distribute methamphetamine. Zimmerman and Bonewitz both supplied methamphetamine to Bandstra, and he in turn distributed the drugs to others. In January 2019, investigators executed a search warrant at Bandstra's home in Dows, Iowa. They seized circumstantial evidence that Bandstra was selling methamphetamine from the home, and a loaded firearm in Bandstra's bedroom. A jury eventually found Bandstra guilty of conspiracy to distribute methamphetamine.

At sentencing, the district court[1] resolved several issues under the sentencing guidelines. Based on the gun seized in the house, the court applied a two-level increase for possession of a dangerous weapon in connection with the offense. *See* USSG § 2D1.1(b)(1). The court also rejected Bandstra's argument that he was entitled to a two-level decrease under USSG § 3B1.2 for playing a minor role in the offense. The court then calculated an advisory guideline range of 210 to 262 months' imprisonment and varied downward to a final sentence of 190 months.

On appeal, Bandstra first contests the finding that he possessed a dangerous weapon in connection with a drug trafficking offense. Section 2D1.1(b)(1) provides for a two-level increase if "a dangerous weapon (including a firearm) was possessed." The increase "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1, comment. (n.11(A)). The evidence is sufficient to apply the increase where there is a temporal and spatial relationship between the weapon, the drug trafficking activity, and the defendant. *United States v. Newton*, 184 F.3d 955, 958 (8th Cir. 1999).

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

Bandstra contends that there was no evidence that the firearm was located in his bedroom or that the gun was connected to the conspiracy offense. The presentence report, however, stated that a loaded gun was found in Bandstra's bedroom, along with cash, baggies, scales, and other drug packaging materials. Bandstra did not object to the relevant paragraph in the report, so the district court properly accepted those facts as true. *See* Fed. R. Crim. P. 32(i)(3)(A); *United States v. Bledsoe*, 445 F.3d 1069, 1073 (8th Cir. 2006). The evidence also supported the district court's finding that the firearm was seized in a location where Bandstra conducted multiple drug transactions. The government established that Bandstra bought and sold drugs from his home, and the undisputed presentence report showed that tools of the drug trafficking trade were seized from the bedroom where the gun was found. This accumulation of evidence amply supports the district court's finding that the firearm was connected to Bandstra's drug trafficking offense.

Second, Bandstra maintains that the court clearly erred in declining to decrease his offense level for a minor role in the offense under USSG § 3B1.2(b). Bandstra says he was entitled to the decrease because he distributed fewer drugs than his co-conspirators, was a customer rather than a distributor, and was charged in only one count of the multi-count indictment. To prove entitlement to the adjustment, however, a defendant must show not only that he or she is a minor participant by comparison with other participants, but also "by comparison with the offense for which he or she was held accountable." *United States v. Bush*, 352 F.3d 1177, 1182 (8th Cir. 2003). Merely showing that the defendant was less culpable than co-conspirators is not sufficient if the defendant was deeply involved in the offense. *Id*.

The district court concluded that Bandstra had multiple interactions with multiple members of the conspiracy, that he received methamphetamine from them, and that he distributed drugs in furtherance of the conspiracy. The court also found that Bandstra used his girlfriend to receive payments and to keep track of debts owed by customers during the conspiracy. These findings are supported by the evidence,

and they are sufficient to support the ruling. A distributor of controlled substances is not entitled to a minor-role reduction "simply because of the presence of a larger-scale upstream distributor." *United States v. Cubillos*, 474 F.3d 1114, 1120 (8th Cir. 2007). There was no clear error in scoring the guidelines.

Bandstra next argues that the district court imposed an unreasonable sentence because co-conspirator Bonewitz received a sentence of 150 months, while Bandstra must serve 190 months. Although a district court should "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6), that provision "refers to national disparities, not differences among co-conspirators," *United States v. Pierre*, 870 F.3d 845, 850 (8th Cir. 2017), so Bandstra cannot secure relief by pointing to the sentence of another party. In any event, the record readily explains why the district court reasonably would impose different sentences on the two conspirators: Bandstra possessed a firearm, while Bonewitz did not. The two were not similarly situated in all relevant respects. Bandstra's related contention that the court impermissibly punished him more severely because he exercised his constitutional right to a jury trial is without merit. The record does not show that Bandstra received more time than Bonewitz because he went to trial. And even if the trial had been a factor, it is settled that a district court may grant leniency to a defendant who accepts responsibility and withhold similarly leniency from a defendant who contests guilt and proceeds to trial. *United States v. Wilcox*, 487 F.3d 1163, 1175-76 (8th Cir. 2007); *see Corbitt v. New Jersey*, 439 U.S. 212, 223-24 (1978).

The judgment of the district court is affirmed.

_____