# United States Court of Appeals

### For the Eighth Circuit

_____

No. 22-3333

_____

United States of America

*Plaintiff - Appellee*

v.

Theodore T. Browne

*Defendant - Appellant*

_____

No. 22-3334

_____

United States of America

*Plaintiff - Appellee*

v.

Karley Ann Smith

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern

_____

Submitted: November 14, 2023
Filed: December 27, 2023

_____

Before COLLOTON, WOLLMAN, and BENTON, Circuit Judges.
_____

BENTON, Circuit Judge.

Theodore Thomas Browne and Karley Ann Smith pled guilty to conspiring to distribute 50 grams or more of methamphetamine under 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. Smith also pled guilty to possession with intent to distribute 50 grams or more of meth under 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). They appeal their sentences. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.[1]

I.

In July 2020, police officers in the Quad Cities began investigating a meth distribution ring. They arrested eight conspirators, including Browne and Smith.

Twice in March 2021, a confidential informant obtained meth from Browne (about 10 grams in total). Finding Browne responsible for the acquisition and transportation of about 10 pounds of meth, the District Court applied a base offense level of 38. It also applied a 4-level "organizer or leader" role enhancement. Browne was sentenced to 240 months in prison—a downward variance from the calculated Guideline range of 360 months to life.

For the quantity, the district court relied on testimony from Keith Hansen, a cooperating witness, and Special Agent Matthew Allers. The court found both witnesses credible. Hansen testified he traveled with Browne to Colorado, where Browne purchased about 10 pounds of meth and transported it back to Iowa. Allers testified that 10 pounds of meth could "easily" be concealed in their rental vehicle.

---

[1] The Honorable Stephanie M. Rose, Chief United States District Judge for the Southern District of Iowa.

The district court found that Browne was an "organizer or leader" of the distribution scheme, based on testimony from Hansen and co-conspirator Chelsey R. Lira. Hansen testified that Browne frequently traveled to Colorado to purchase drugs, which he then distributed among lower-level dealers. Lira testified that when she and co-conspirator Joshua J. Paarmann left prison, Browne supplied them with meth to sell.

Smith was arrested after selling drugs to a confidential informant. She had over 100 grams of meth in her possession. The district court applied an enhancement for obstruction of justice and denied a reduction for acceptance of responsibility. The district court sentenced her to 240 months in prison—a downward variance from the calculated Guideline range of 360 months to life.

II.

Browne argues that the district court erred in finding he transported 10 pounds of meth, and thus wrongfully determined a base offense level of 38.

"In reviewing a sentence for procedural error, we review the district court's factual findings for clear error and its application of the guidelines de novo." *United States v. Barker*, 556 F.3d 682, 689 (8th Cir. 2009). "When the amount of narcotics seized by the government does not reflect the scale of the drug trafficking offense . . . 'the court shall approximate the quantity of the controlled substance.'" *United States v. Sterling*, 942 F.3d 439, 442 (8th Cir. 2019), *quoting* **U.S.S.G. § 2D1.1, comment. (n.5)**. In its approximation, the court may consider evidence of similar drug transactions by the defendant. *Id.* "The court may make a specific numeric determination of quantity based on imprecise evidence . . . so long as the record reflects a basis for the court's decision." *United States v. Roach*, 164 F.3d 403, 413–14 (8th Cir. 1998) (citations omitted). "Many defendants have appealed estimated drug quantity findings; few have cleared the high bar of clear error review." *Sterling*, 942 F.3d at 442.

Here, the district court approximated the drug quantity from evidence of Browne's purchase and transport of meth in February 2021. True, officers obtained only 10 grams of meth from Browne. The court, however, found credible Hansen's testimony that Browne had obtained and transported 10 pounds of meth from Colorado to Iowa. The court also credited Special Agent Allers's testimony that 10 pounds of drugs could "easily" be hidden in Browne's rental vehicle. "When findings are based on determinations regarding the credibility of witnesses . . . unless contradicted by extrinsic evidence or internally inconsistent, such findings can virtually never be clear error." *Adzick v. UNUM Life Ins. Co. of Am.*, 351 F.3d 883, 889 (8th Cir. 2003), *citing* *Anderson v. City of Bessemer City*, 470 U.S. 564 (1985). The district court did not clearly err in these credibility determinations. The district court did not procedurally err in calculating the drug quantity at about 10 pounds and applying the resulting base offense level of 38.

### III.

Browne contends that the district court erred in applying the 4-level role enhancement, asserting there is insufficient evidence he acted as an "organizer or leader" of the conspiracy. The "district court's determination of a defendant's role in the offense is reviewed for clear error." *United States v. Sarabia-Martinez*, 276 F.3d 447, 451 (8th Cir. 2002), *citing* *United States v. Austin*, 255 F.3d 593 (8th Cir. 2001). A defendant may receive an aggravating role enhancement of four levels if the defendant was "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." **U.S.S.G. § 3B1.1(a)**. "The terms 'organizer' and 'leader' are to be broadly interpreted." *United States v. Guerra*, 113 F.3d 809, 820 (8th Cir. 1997), *citing* *United States v. Miller*, 91 F.3d 1160, 1164 (8th Cir. 1996).

> Factors the court should consider include the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity,

and the degree of control and authority exercised over others. There can, of course, be more than one person who qualifies as a leader or organizer of a criminal association or conspiracy.

**U.S.S.G. § 3B1.1, comment. (n.4)**. "[T]he defendant need only have directed one other participant to warrant an enhancement." *Sarabia-Martinez*, 276 F.3d at 451 (citations omitted).

Hansen's credible testimony sufficiently supports a finding that Browne played a primary role in "organizing the offense." He testified that Browne "divided up" and distributed 10 pounds of meth to lower-level dealers after returning from Colorado. According to Hansen, Browne said he had been resupplying in Colorado every weekend for two to three months as of February 2021.

Hansen's testimony satisfies several factors supporting the role enhancement. *See, e.g.*, *United States v. Thompson*, 210 F.3d 855, 861 (8th Cir. 2000) (approving role enhancement when the defendant "regularly organized the transport of large drug shipments" and "distribut[ed] those drugs to various dealers within the city").

Lira testified when she and Paarmann left prison, Browne supplied them meth to sell, indicating he recruited others into the conspiracy. *See Sarabia-Martinez*, 276 F.3d at 451–52 (applying the organizer or leader enhancement where the defendant recruited others to join the conspiracy and arranged for drug shipments).

The district court did not clearly err in finding that Browne was an "organizer or leader," and thus did not procedurally err by applying the 4-level enhancement.

IV.

Smith contends that the district court abused its discretion by considering evidence in the government's sentencing memorandum, resulting in the imposition of the obstruction enhancement and the denial of an acceptance-of-responsibility reduction.

According to Smith, the district court abused its discretion by admitting government sentencing exhibits 1, 2, 5, 6, 10, and 11. These exhibits are relevant to the obstruction enhancement and the acceptance-of-responsibility reduction, because they relate to Smith's prison conduct and her scheme to marry Paarmann in order to trigger spousal testimonial immunity. She emphasizes the exhibits were filed "out of time" under Federal Rule of Criminal Procedure 32.

"The district court's admission of evidence is reviewed for abuse of discretion." *United States v. Glassgow*, 682 F.3d 1107, 1110 (8th Cir. 2012), *citing United States v. Dorsey*, 523 F.3d 878, 879 (8th Cir. 2008). "The district judge has wide discretion in determining, within statutory limits, what sentences to impose and may appropriately conduct a broad inquiry largely unlimited in the kind of information he may consider." *United States v. Bangert*, 645 F.2d 1297, 1309 (8th Cir. 1981), *citing United States v. Grayson*, 438 U.S. 41, 50 (1978). *See generally* **18 U.S.C. § 3661** ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.").

Rule 32 "create[s] a process for parties to present and challenge sentencing information." *United States v. Lovelace*, 565 F.3d 1080, 1090 (8th Cir. 2009). "The court may permit the parties to introduce evidence on the objections [to the Presentence Investigation Report]," as the district court is not bound to the PSR's suggestions. **Fed. R. Crim. P. 32(i)(2)**. However, it is error for the district court to rely "on information at sentencing that was not presented in advance to the defendant, in accordance with Rule 32." *Lovelace*, 565 F.3d at 1092.

The government objected to the initial PSR's recommendations to deny the enhancement for obstruction and to grant the reduction for acceptance of responsibility. One week before the sentencing hearing, the government submitted its sentencing memo, which included the six challenged exhibits. "Rule 32 contains specific requirements that ensure that the defendant is made aware of the evidence

to be considered and potentially used against him at sentencing, and is provided an opportunity to comment on its accuracy." *Id.* at 1090, *quoting* **United States v. Nappi**, 243 F.3d 758, 763 (3rd Cir. 2001). It does not, however, provide a bright-line rule about timing. *See, e.g.*, **Nappi**, 243 F.3d at 765 ("the time required in order for counsel to have a meaningful opportunity may vary depending on the circumstances").

Smith argues, "The government's actions prevented Ms. Smith from knowing what was going to be presented against her at sentencing until it was too late to investigate the information." Smith provides no authority that one week is insufficient to be "made aware of the evidence" or "provided an opportunity to comment on its accuracy." **Lovelace**, 565 F.3d at 1090. To the contrary, this court has held one week sufficient to review extensive exhibits. *See* **United States v. Clay**, 579 F.3d 919, 929 (8th Cir. 2009) (holding that one week to review 24 volumes of trial testimony was not a violation of Rule 32). This is particularly true here. The district court found that Smith had access to much of the challenged information before she received the government's sentencing memorandum (for example, records of Smith's prison conduct and testimony from Paarmann's trial). Smith does not explain how she would have responded differently with more time to prepare and thus does not show prejudice from the timing of the disclosure. *See id.* (defendant "does not state what evidence was admitted . . . that unfairly prejudiced him that would have been meaningfully disputed had he had more time to prepare").

Smith had sufficient time to review and respond to the challenged government exhibits. The district court did not err by admitting them and, with the other evidence, by finding obstruction of justice.

Having found obstruction of justice, the district court did not err in rejecting the acceptance-of-responsibility reduction. "Conduct resulting in an [obstruction enhancement] ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." **U.S.S.G. § 3E1.1, comment. (n.4)**. The acceptance-of-responsibility reduction may still be available in extraordinary cases. *Id.* "To

determine whether a case is 'extraordinary,' the district court should [take] into account the totality of the circumstances, including the nature of the appellee's obstructive conduct and the degree of appellee's acceptance of responsibility." *United States v. Honken*, 184 F.3d 961, 968 (8th Cir. 1999). The district court properly considered these factors in rejecting the acceptance-of-responsibility reduction.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____