# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-3688

_____

United States of America

*Plaintiff - Appellee*

v.

Miguel Avalos-Diaz

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska

_____

Submitted: October 21, 2024
Filed: February 11, 2025
[Unpublished]

_____

Before LOKEN, SMITH, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Miguel Avalos-Diaz pled guilty to distribution of methamphetamine and cocaine and possession with intent to distribute methamphetamine. *See* 21 U.S.C. § 841(a)(1), (b)(1). He went to trial on additional charges of conspiracy to distribute methamphetamine and possession of a firearm in furtherance of a drug trafficking crime. *See id.* §§ 841(a)(1), 846; 18 U.S.C. § 924(c)(1)(A). The jury found him

guilty of conspiracy but not guilty of the firearm charge. The district court[1] sentenced him to a total of 260 months of imprisonment.[2] Avalos-Diaz appeals his sentence arguing that it violates the Eighth Amendment of the United States Constitution and that the district court erred in calculating his advisory United States Sentencing Guidelines Manual (Guidelines) range. We affirm.

Avalos-Diaz argues his nearly twenty-two-year sentence violates the Eighth Amendment because it is grossly disproportionate to the severity of his crimes. "We review constitutional challenges to a sentence de novo." *United States v. Rivas*, 39 F.4th 974, 977 (8th Cir. 2022) (quoting *United States v. Scott*, 831 F.3d 1027, 1033 (8th Cir. 2016)). "The Eighth Amendment forbids the infliction of 'cruel and unusual punishments.'" *Scott*, 831 F.3d at 1033 (quoting U.S. Const. amend. VIII). "The Supreme Court has understood this provision to 'forbid[ ] only extreme sentences that are "grossly disproportionate" to the crime.'" *Rivas*, 39 F.4th at 977 (quoting *Scott*, 831 F.3d at 1033–34). "To determine whether a sentence for a term of years is grossly disproportionate, we first compare 'the crime committed and the sentence imposed.'" *Scott*, 831 F.3d at 1034 (quoting *Harmelin v. Michigan*, 501 U.S. 957, 1005 (1991) (Kennedy, J., concurring)). "[S]*uccessful* challenges to the proportionality of particular sentences are exceedingly rare." *Rivas*, 39 F.4th at 977 (alteration in original) (quoting *United States v. Paton*, 535 F.3d 829, 837 (8th Cir. 2008)). "In the 'rare case' that the threshold comparison 'leads to an inference of gross disproportionality,' we are then directed to perform a comparative analysis of the defendant's sentence with sentences received by other offenders in the same jurisdiction and other jurisdictions." *Scott*, 831 F.3d at 1034 (quoting *Harmelin*, 501 U.S. at 1005 (Kennedy, J., concurring)).

---

[1]The Honorable Brian C. Buescher, United States District Judge for the District of Nebraska.

[2]Avalos-Diaz was sentenced to concurrent terms of 260 months of imprisonment on each count, except for one count, distribution of a mixture containing methamphetamine and cocaine, for which he received the statutory maximum sentence of 240 months, also running concurrently.

We conclude Avalos-Diaz's sentence is not grossly disproportionate to his crimes. His 260-month cumulative sentence is within the advisory Guidelines range and each sentence imposed is within the statutory range of punishment for his offenses. He committed four serious drug trafficking crimes that involved a significant amount of methamphetamine. The gravity of the crime, the harm caused or threatened to society, and the culpability and degree of Avalos-Diaz's involvement in the crimes all negate an inference of gross disproportionality. *See Rivas*, 39 F.4th at 977 (considering "the harm caused or threatened to the victim or to society and the culpability and degree of involvement of the defendant" (quoting *Henderson v. Norris*, 258 F.3d 706, 709 (8th Cir. 2001))). Thus, our Eighth Amendment analysis ends here.

Avalos-Diaz also argues the district court erred in denying an acceptance-of-responsibility reduction to his sentence. "We give 'great deference' to a sentencing judge's denial of an acceptance-of-responsibility reduction and review for clear error only." *United States v. Chappell*, 69 F.4th 492, 494 (8th Cir. 2023) (quoting *United States v. Davis*, 875 F.3d 869, 875 (8th Cir. 2017)). "[A] district court may apply a two-level reduction under [U.S.S.G.] § 3E1.1(a) where a defendant has shown 'a recognition and affirmative responsibility for the offense and sincere remorse.'" *Id.* (quoting *United States v. Cooper*, 998 F.3d 806, 810 (8th Cir. 2021)). *See United States v. Myrick*, 107 F.4th 873, 878 (8th Cir. 2024) (providing the defendant "has the burden of establishing that he is entitled to this reduction"). "Merely pleading guilty does not entitle a defendant to this reduction." *Chappell*, 69 F.4th at 494.

Avalos-Diaz insists he should have received a reduction because he pled guilty to "the substantive bulk of his conduct." Though he accepted responsibility for the possession and distribution of drugs, he did not accept responsibility for the charged conspiracy. The district court noted the acceptance-of-responsibility reduction "is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." *See* U.S.S.G. § 3E1.1 cmt. n.2. The district court acknowledged "there may be 'rare situations' where a

defendant may clearly demonstrate acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to trial" but concluded "this is not one of those rare situations" because Avalos-Diaz "did not challenge the constitutionality of the statute at issue" in the conspiracy charge but instead "challenged whether the government had proven the existence of the conspiracy beyond a reasonable doubt." *See id.*; *e.g.*, *United States v. Bennett*, 91 F.4th 918, 923 (8th Cir. 2024) (finding no clear error in the denial of an acceptance-of-responsibility reduction when the defendant maintained his innocence as to the charged conspiracy and put the government to its burden of proof), *cert. denied*, 144 S. Ct. 2616 (2024). Thus, the district court concluded Avalos-Diaz failed to carry his burden to show he demonstrated acceptance of responsibility. We find no clear error in the district court's decision to deny an acceptance-of-responsibility reduction.

Avalos-Diaz also argues the district court erred in applying a firearm enhancement under U.S.S.G. § 2D1.1(b)(1) since the jury acquitted him of possessing a firearm in furtherance of a drug trafficking crime. This argument is foreclosed by circuit precedent. "It is settled . . . that an acquittal 'does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence.'" *United States v. Ruelas-Carbajal*, 933 F.3d 928, 930 (8th Cir. 2019) (quoting *United States v. Watts*, 519 U.S. 148, 157 (1997)). At the time of sentencing, the Guidelines permitted the district court to consider all conduct proved by a preponderance of the evidence in determining the advisory Guidelines range. *See* U.S.S.G. §§ 1B1.3, 6A1.3 (2023).

Here, the district court did not clearly err in finding the government proved by a preponderance of the evidence the elements of the firearm enhancement provision. *See United States v. Coleman*, 97 F.4th 566, 568 (8th Cir. 2024) (reviewing for clear error and explaining the "enhancement applies if the government proves, by a preponderance of the evidence: (1) the gun was possessed, and (2) it was not clearly improbable that the weapon was connected to the drug

offense" (quoting *United States v. Rivera*, 76 F.4th 1085, 1091 (8th Cir. 2023), *cert. denied*, 144 S. Ct. 861 (2024))); U.S.S.G. § 2D1.1 cmt. n.11(A). The firearm had Avalos-Diaz's DNA on it, and it was found near cocaine and methamphetamine in the house he used to store drugs. *See United States v. Bandstra*, 999 F.3d 1099, 1101 (8th Cir. 2021) ("The evidence is sufficient to apply the [§ 2D1.1(b)(1)] increase where there is a temporal and spatial relationship between the weapon, the drug trafficking activity, and the defendant."). Further, the district court stated it would have imposed the same sentence even if the firearm enhancement did not apply.

Finally, Avalos-Diaz argues "the forfeiture of such weapon should be stricken" based on the acquittal of the firearm charge. However, no order was issued requiring him to forfeit the firearm nor does he cite to anywhere in the record that shows he was required to forfeit the firearm.

The judgment of the district court is affirmed.

_____