# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-1561
_____

United States of America

*Plaintiff - Appellee*

v.

Michael Garrick Denson, also known as Ice Mike

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern
_____

Submitted: January 17, 2025
Filed: June 2, 2025
[Published]
_____

Before LOKEN, SHEPHERD, and KELLY, Circuit Judges.
_____

PER CURIAM.

A jury found Michael Garrick Denson guilty of conspiring to distribute methamphetamine and heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B), and 846, and possession with intent to distribute heroin in violation of 21

U.S.C. § 841(a)(1) and (b)(1)(C). The district court[1] sentenced Denson to 419 months and 18 days in prison, varying downward from a Guidelines range of life. Denson appeals, and we affirm.

I.

Denson argues there was insufficient evidence to support his convictions. "We review the sufficiency of the evidence de novo, viewing evidence in the light most favorable to the government, resolving conflicts in the government's favor, and accepting all reasonable inferences that support the verdict." United States v. Hayward, 124 F.4th 1113, 1120 (8th Cir. 2025) (quoting United States v. Thompson, 881 F.3d 629, 632 (8th Cir. 2018)).

To prove conspiracy to distribute a controlled substance, "the government needed to show, beyond a reasonable doubt, that 'there was an agreement to distribute [the charged] drugs, that [Denson] knew of the conspiracy, and that [Denson] intentionally joined the conspiracy.'" United States v. Ramirez-Martinez, 6 F.4th 859, 868 (8th Cir. 2021) (quoting United States v. Campbell, 986 F.3d 782, 804 (8th Cir. 2021)). "An agreement to join a conspiracy need not be explicit and can be inferred from the facts of the case," United States v. Davis, 826 F.3d 1078, 1081 (8th Cir. 2016), and "[t]he Government 'need only establish a tacit understanding between the alleged co-conspirators, which may be shown through circumstantial evidence,'" United States v. Myers, 965 F.3d 933, 937 (8th Cir. 2020) (quoting United States v. Hamilton, 929 F.3d 943, 946 (8th Cir. 2019)).

The government offered sufficient evidence to support Denson's conviction on the conspiracy count. At trial, two cooperating witnesses testified that they sold methamphetamine and heroin on Denson's behalf: F.A.M. testified that she sold methamphetamine and multiple pounds of heroin for Denson between January 2018

---

[1]The Honorable C.J. Williams, United States District Judge, now Chief Judge, for the Northern District of Iowa.

and April 2019; and B.L. testified both that she sold methamphetamine and heroin for Denson between 2019 and 2020, and that she made multiple trips to retrieve several pounds of methamphetamine for Denson around August 2019. Eight other witnesses testified to buying methamphetamine or heroin from Denson during the relevant period. The government also presented evidence that officers confiscated more than 200 grams of methamphetamine that Denson arranged to sell to a confidential informant. And F.A.M. testified that Denson kept drugs and money in a closet at another woman's residence. When police searched that residence, they found a safe containing $935, heroin, other drugs, Denson's social security card and birth certificate, and similar identification documents belonging to numerous others.

Denson argues that this evidence was not sufficient because no officers testified from personal knowledge about Denson's involvement in drug trafficking, and no direct evidence affirmatively showed Denson selling methamphetamine or heroin. But "the absence of . . . direct evidence does not undermine the jury's verdict" in a conspiracy case, and the jury could credit both circumstantial evidence and witnesses' testimony in finding that Denson conspired to sell drugs. See United States v. Flax, 988 F.3d 1068, 1073 (8th Cir. 2021) (collecting cases, rejecting the notion that a conspiracy to distribute drugs requires direct evidence from "controlled buys or wiretap[s]"). Denson also argues that the cooperating witnesses' testimony was too uncorroborated, exaggerated, or unreliable to be believed. "But in reviewing the sufficiency of the evidence, '[i]t is axiomatic that we do not pass upon the credibility of witnesses or the weight to be given their testimony.'" United States v. Moua, 895 F.3d 556, 559 (8th Cir. 2018) (per curiam) (alteration in original) (quoting United States v. Clay, 618 F.3d 946, 950 (8th Cir. 2010) (per curiam)). Indeed, "we have upheld jury verdicts based solely on the testimony of cooperating witnesses." Ramirez-Martinez, 6 F.4th at 868 (quoting United States v. Bradley, 643 F.3d 1121, 1125 (8th Cir. 2011)). Sufficient evidence supported Denson's conviction for conspiracy to distribute controlled substances.

Denson next argues that insufficient evidence supported his conviction for possession of heroin with intent to distribute. In July 2019, Denson was riding in the

passenger seat of a car when it was pulled over. After officers stopped the car, Denson fled on foot. Denson got away, but officers found six bindles[2] of heroin around the passenger area of the car. Denson concedes that his conviction on this count rests "on somewhat firmer ground" than the conspiracy count, but claims that the heroin in the car could have belonged to the driver, not Denson. However, the driver denied knowing about the heroin in the car, and the jury was entitled to credit that testimony. See United States v. Hansen, 111 F.4th 863, 867 (8th Cir. 2024) ("[W]e are not in the business of second-guessing a jury's credibility determinations.").

We affirm Denson's convictions.

II.

Denson also challenges his sentence.

First, Denson argues that the district court erred in applying a two-level enhancement for possession of a firearm. See USSG § 2D1.1(b)(1) ("If a dangerous weapon (including a firearm) was possessed, increase by 2 levels."). "We review a district court's factual findings supporting its Sentencing Guidelines calculation for clear error and its application of the Guidelines *de novo*." United States v. Wilson, 122 F.4th 317, 325 (8th Cir. 2024).

To support an enhancement under USSG § 2D1.1(b)(1), the government must prove "by a preponderance of the evidence" that "(1) the gun was possessed, and (2) it was not clearly improbable that the weapon was connected to the drug offense." United States v. Coleman, 97 F.4th 566, 568 (8th Cir. 2024) (per curiam) (quoting United States v. Rivera, 76 F.4th 1085, 1091 (8th Cir. 2023)). The enhancement "should be applied if the weapon was present, unless it is clearly improbable that the

_____

[2]An officer with experience on a drug task force testified that, as relevant here, a bindle is a small amount of heroin packaged in a plastic baggie for individual purchase.

weapon was connected with the offense." United States v. Millsap, 115 F.4th 861, 874 (8th Cir. 2024) (quoting USSG § 2D1.1(b)(1), comment. (n.11(A))).

At sentencing, the district court credited the trial testimony of two witnesses who saw Denson regularly possess a firearm while dealing drugs. F.A.M. testified that she saw Denson trade a firearm for heroin sometime around 2018, that he kept a nine-millimeter handgun underneath a mattress in a hotel room he shared with her, and that she found a handgun in the center console of his car, where Denson told her he stored drugs. B.L. testified that she saw Denson with firearms "all the time," that he carried a small gun in a holster either on his person or in his car's cupholder, and that he carried a firearm while selling drugs. She also said that she was once driving with Denson, and when they noticed that officers were following them, Denson "threw the gun out the window."

Denson argues that the district court nonetheless erred because he has never been convicted of a gun-possession crime, the police never actually found him with a gun, and only two of the many witnesses at Denson's trial testified that they saw him with a gun. The district court's choice to believe F.A.M. and B.L.'s testimony is, however, "virtually unreviewable on appeal." United States v. White, 41 F.4th 1036, 1038 (8th Cir. 2022) (quoting United States v. Holly, 983 F.3d 361, 363 (8th Cir. 2020)). And as the district court pointed out at sentencing, the lack of further inculpatory testimony "is not the same as evidence that he [affirmatively] did not possess a gun," so F.A.M. and B.L.'s testimony did not contradict other evidence. See United States v. Browne, 89 F.4th 662, 666 (8th Cir. 2023) (noting that unless they are "contradicted by extrinsic evidence or internally inconsistent," district judges' credibility assessments "can virtually never be clear error" (quoting Adzick v. UNUM Life Ins. Co. of Am., 351 F.3d 883, 889 (8th Cir. 2003))). The district court did not clearly err. Coleman, 97 F.4th at 568–69 ("The evidence is sufficient to apply the [§ 2D1.1(b)(1)] increase where there is a temporal and spatial relationship between the weapon, the drug trafficking activity, and the defendant." (alteration in original) (quoting United States v. Bandstra, 999 F.3d 1099, 1101 (8th Cir. 2021))).

Second, Denson argues that the district court failed to sufficiently explain the sentence it imposed. "Our precedent is not entirely clear" as to the standard of review for the kind of procedural error Denson alleges. United States v. Mays, 993 F.3d 607, 618 (8th Cir. 2021) (noting the question is unresolved and outlining different approaches of our sister circuits). We need not address the appropriate standard, however, because we conclude that Denson's claim fails under de novo review. See id. at 619.

The district court calculated a total offense level of 43 and a criminal history category VI, resulting in a range of life imprisonment. See USSG Ch. 5, Pt. A. However, the court granted a slight downward variance, finding a life sentence "too blunt of an instrument" in Denson's case. The court noted that it had "considered all the factors" under 18 U.S.C. § 3553(a), and then discussed Denson's "substantial drug conspiracy"; his "difficult childhood"; his family circumstances; and his criminal history, including the fact that his offenses did not seem to be getting less severe with age and that Denson had not accepted responsibility. "When explaining a sentence, a court need only set forth enough to satisfy us that it considered the parties' arguments and had a reasoned basis for exercising its legal decisionmaking authority." United States v. Bertucci, 83 F.4th 1086, 1088 (8th Cir. 2023). The district court adequately explained the sentence it imposed.

We affirm.

_____